680 So.2d 1370 (1996)
STATE of Louisiana
v.
Tracy McMOOAIN.
No. 95 KA 2103.
Court of Appeal of Louisiana, First Circuit.
September 27, 1996.
*1371 James H. Looney, James E. Talley, Assistant Indigent Defender, Covington, LA, for Defendant-Appellant, Tracy McMooain.
Walter P. Reed, District Attorney, Covington, LA, Terry Boudreaux, Gretna, LA, for Plaintiff-Appellee, State of Louisiana.
Before SHORTESS, LeBLANC and TANNER, JJ.[1]
TANNER, Judge Pro Tempore.
Defendant, Tracy McMooain, was charged with possession of a controlled dangerous substance as classified in Schedule II [cocaine], a violation of La.R.S. 40:967(C), on February 5, 1992. He pled not guilty but subsequently withdrew that plea and pled guilty to the charge under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the denial of his motion to quash.[2] *1372 He was sentenced to three years at hard labor with the Department of Corrections, which sentence was suspended to three years probation with certain special conditions, and was to be served concurrently with another probation. He was advised by the court of the relevant delays for appeal and for filing motions for post-conviction relief.
Defendant was charged on February 5, 1992, and likewise pled guilty to, possession of drug paraphernalia, a violation of La.R.S. 40:1033(C). That proceeding was held in the City Court of Slidell. Defendant was sentenced on February 6, 1992, to ten days in prison, to run concurrently with other charges "on a different file number."[3]
On October 2, 1994, defendant filed a motion to quash in the prosecution for possession of cocaine based on double jeopardy grounds; that motion was denied on April 18, 1995, and a timely appeal followed. Defendant raises as his sole assignment of error the trial court's failure to grant the motion to quash based on double jeopardy.

FACTS
Defendant was stopped on February 5, 1992 in Slidell for a traffic offense. After a search of his person, a crack cocaine pipe was found, and he was arrested. Analysis of the residue in the crack pipe revealed the presence of cocaine.[4] This information was forwarded to the Slidell City Police, and a warrant was issued on June 15, 1992, for the arrest of defendant for possession of cocaine, La.R.S. 40:967(C). On May 30, 1994, he was stopped for another traffic violation and was arrested again on the outstanding warrant for possession of cocaine. After continuation of trial dates on several occasions, defendant filed a motion to quash based on double jeopardy, arguing that his plea of guilty to the charge for possession of drug paraphernalia, La.R.S. 40:1033(C), precluded the state from prosecuting him for possession of cocaine under La.R.S. 40:967(C).

DOUBLE JEOPARDY
The Double Jeopardy Clause of the Federal Constitution's Fifth Amendment, applicable to the states through its Fourteenth Amendment, provides that no person shall "be subject for the same offenses to be twice put in jeopardy of life or limb." Article I, Section 15 of the 1974 Louisiana Constitution contains a similar guarantee. Under Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), separate statutory crimes need not be identical either in constituent elements or in actual proof in order to be the same within the meaning of the constitutional prohibition. State v. Doughty, 379 So.2d 1088 (La.1980).
The test formulated in the federal system is constitutionally required of the states; that test was articulated in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.
As described in State v. Doughty, supra, the Blockburger test depends on the evidence required to convict, not the evidence introduced at trial. Doughty, 379 So.2d at 1090.
*1373 Doughty discussed a double jeopardy test which it deemed "equivalent" to Blockburger's element test. Citing Morey v. Commonwealth, 108 Mass. (12 Browne) 433 (1871), Doughty states "offenses are the same when the evidence required to support a conviction upon one would have been sufficient to warrant a conviction upon the other." State v. Doughty, 379 So.2d at 1091.
This test, called the "same evidence" test, is somewhat broader in concept than Blockburger, and is articulated as follows in State v. Steele, 387 So.2d 1175, 1177 (La. 1980):
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.
The Louisiana Supreme Court recognizes these two separate tests, but in recent years has principally relied on the "same evidence" test when evaluating double jeopardy claims. State v. Miller, 571 So.2d 603, 606 (La.1990).
In order to analyze the facts of the instant case under either the Blockburger or the "same evidence" tests, we must first examine the statutory scheme for possession of drug paraphernalia, La.R.S. 40:1031 through 1036. "Drug paraphernalia" is defined generally in La.R.S. 40:1031, and the object found on defendant's person is defined specifically in La.R.S. 40:1031(A)(12)(a) as:
(12) Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, or hashish oil into the human body, such as:
(a) Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls.
La.R.S. 40:1032 sets forth twelve factors for a court's consideration in determining whether an object is drug paraphernalia. For example, one factor is "the existence of any residue of controlled substances on the object." La.R.S. 40:1032(4).
La.R.S. 40:1033(C), the statute under which defendant was originally charged, states:
C. It is unlawful for any person to use, or to possess with intent to use, any drug paraphernalia, to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this Part.
Therefore, the determination that the pipe found on defendant's person was in fact drug paraphernalia could have been made through evidence of cocaine residue on the pipe itself. We believe proof of intent to use, required under La.R.S. 40:1033(C), could likewise have been made through evidence of cocaine residue. Although other factors listed in La.R.S. 40:1032 could have been considered as well in the determination that the pipe was drug paraphernalia, any one of them alone would suffice.
La.R.S. 40:967(C) requires proof that the defendant "knowingly or intentionally" possesses a controlled dangerous substance as classified in Schedule II. Whether an accused knows a substance he possesses is a narcotic drug may be proved by direct or circumstantial evidence. State v. Fontenot, 578 So.2d 1032, 1034 (La.App. 3rd Cir.), writ denied, 582 So.2d 1305 (La.1991). In Fontenot, police arrested the defendant when they found a small pipe on him. A crime lab later verified their initial suspicions that the pipe contained cocaine residue. Fontenot admitted that he knowingly possessed a pipe used to smoke crack cocaine, but argued that he did not think it contained cocaine. In reviewing the conviction on grounds of insufficiency of the evidence, the court found that the evidence of cocaine residue on the pipe was sufficient to convict him of possession of a controlled dangerous substance, coupled with the defendant's admission.
Following Fontenot, courts have held that conviction for possession of controlled dangerous substances may rest on the possession of mere traces or residue of the *1374 substance, even absent admissions by the defendant which might constitute guilty knowledge. State v. Spates, 588 So.2d 398, 401 (La.App.2d Cir.1991). In State v. Jones, 94-1261 (La.App. 3rd Cir. 5/17/95); 657 So.2d 262, and in State v. White, 535 So.2d 929, 933 (La.App. 2d Cir.1988), writ denied, 537 So.2d 1161 (La.1989), the defendant also fled the scene, which provided further evidence of guilty knowledge apart from the residue of cocaine on the pipe and glass tube, respectively, found in their possession. However, State v. Wright, 618 So.2d 540, 543 (La.App. 4th Cir.), writ denied, 623 So.2d 1334 (La. 1993), flatly held that conviction under the Controlled Dangerous Narcotics Act may result from mere traces or residue of cocaine, citing Spates, Fontenot, and White. Defendant in the present case could be convicted for possession of cocaine using only evidence of the crack cocaine residue found in the pipe on his person.
We agree with defendant that the pipe and its contents were the sole evidence of both possession of cocaine and of possession of drug paraphernalia. However, we do not believe that the facts of this case violate the constitutional prohibition against double jeopardy under a Blockburger analysis. Although proof that the cocaine pipe was actually drug paraphernalia may be made through the residue of crack cocaine found in it, proof of an additional fact not required under La.R.S. 40:1031 et seq. would be required to actually convict defendant of possession of cocainethe presence of cocaine.
However, under the Louisiana "same evidence" test, clearly the crack cocaine pipe and the residue of crack cocaine found in it would have been sufficient to convict of either offense. State v. Steele, 387 So.2d 1175 (La.1980); State v. Doughty, 379 So.2d 1088 (La.1980). To prove possession of drug paraphernalia, the state had to prove intent to use. The presence of the residual crack cocaine served to prove both that defendant intended to possess drug paraphernalia and that the pipe was actually drug paraphernalia. Likewise, under the cases we have cited, the element of intention to possess cocaine could be proved by the presence of the residual crack cocaine.
Although additional factors could have been used to prove that the pipe was in fact drug paraphernalia, in this case no other evidence was necessary. The state argues defendant's plea of guilty to possession of drug paraphernalia would have sufficed to prove that charge, as a "statement by an owner concerning its use" under La.R.S. 40:1032(1). Functionally, however, that statement constitutes an alternative factor to prove possession of drug paraphernalia, not an exclusive factor. What evidence the state had consisted entirely of the crack cocaine residue found in the pipe itself and derived from the pipe itself.
The procedure for remedying a violation of double jeopardy is to vacate the conviction and sentence of the less severely punishable offense, and affirm the conviction and sentence of the more severely punishable. State ex rel. Adams v. Butler, 558 So.2d 552, 553-554 (La.1990). Here, defendant has already served a sentence for possession of drug paraphernalia, and the prosecution unconstitutionally has proceeded against him twice for the same offense. Therefore, we must vacate the conviction and sentence imposed upon defendant for possession of cocaine under La.R.S. 40:967(C) and remand the case to the trial court, ordering that it grant defendant's motion to quash the prosecution for possession of cocaine on the grounds that it is a violation of the constitutional prohibition against double jeopardy.
We note that defendant complains of a patent error violation in that he was not given credit for time served under La.Code Crim. Proc. art. 880. Neither the minute sentencing entry nor the transcript reflects that the trial court gave defendant credit for time served; however, in light of our resolution of the case, we need not address this argument.
CONVICTION AND SENTENCE VACATED; CASE REMANDED WITH ORDER.
LeBLANC, J. concurs.
SHORTESS, J., concurs with reasons.
*1375 SHORTESS, Concurring.
The lead opinion concludes the State violated the Double Jeopardy Clause principle because the drug pipe seized from defendant's initial February 6, 1992, arrest for possession of drug paraphernalia (La.R.S. 40:1033(C)) is the same evidence the State sought to convict defendant of cocaine possession (La.R.S. 40:967(C)). Our record does not contain, nor did the State produce, any other evidence which the State could have used to convict defendant on the first charge: possession of drug paraphernalia. On this charge, defendant's guilty plea, presumably based on defendant's admission of guilt, is the only shred of evidence supporting the State's argument that it did not need to rely on the pipe to convict him of violating 40:1033(C). In opposition to defendant's motion to quash, the State contends:
"[D]efendant's plea of guilty to one count of drug paraphernalia is a sufficient determining factor authorizing the court to conclude that the crack pipe ... is ... drug paraphernalia. The State need not prove at trial that cocaine was present in order to prove its case against defendant."
However, the record does not contain conclusive evidence regarding whether defendant entered an Alford plea or whether the State had other substantive, credible evidence available to convict defendant under 40:1033(C). The record shows the State could have convicted defendant on the second criminal charge, cocaine possession, using the same cocaine pipe with the same cocaine residue that it had when it charged him with the 40:1033(C) violation two years earlier. Although the State did not receive the residue lab results until eleven days after defendant pled guilty to the first offense, the State's evidence in both proceedings is the "same evidence", the cocaine pipe with its cocaine residue.
This defendant's liberty has been placed in jeopardy twice. The first time was for the possession of drug paraphernalia charge where the Slidell City Court imposed a sentence and which defendant served. As far as we know, the drug pipe was the sole evidence available to convict him of this charge. The second time occurred when the State charged him with cocaine possession based on the cocaine residue found in the pipe. The State could not convict defendant of illegal possession of cocaine without the cocaine pipe.
The State's opposition motion to defendant's motion to quash also argues that "[I]f the crack pipe were located in one pocket, and the crack cocaine in another pocket, the evidence and testimony required to convict... for possession of cocaine and possession of drug paraphernalia would be different at each trial." But the cocaine in this case was not located in another pocket. It was located in the same pipe which was in evidence against defendant on February 6, 1992 when he pleaded guilty to possession of drug paraphernalia.
Furthermore, I am convinced fundamental fairness requires this Court to reverse defendant's 40:967(C) conviction and vacate its sentence.
I respectfully concur.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Although the minute entry reflects that the plea was entered under "State v. Alford," the transcript indicates that the plea was made under State v. Crosby.
[3] A true copy of the minute entry from the City Court of Slidell is in the record before us; however, there is no further information as to the other charge. We note that the trial judge in the district court proceeding on the possession of cocaine charge referred during sentencing to the fact that the sentence was to be served "concurrently with the present probation that he's on." We cannot determine from the record before us what the other probation may have been.
[4] A transcript of the hearing on defendant's motions, before the Honorable Hillary J. Crain, Judge Ad Hoc presiding in Division "C" of the Twenty-Second Judicial District Court, Parish of St. Tammany, on January 4, 1995, indicates that the prosecutor and the defense lawyer agreed to stipulate to facts; however, no written stipulation was ever entered into the record. Our discussion of facts in this case is taken from briefs filed in this court. However, the facts are not disputed by the parties. (We also note the discrepancy between the minutes and the transcript; the minutes in the record indicate that the Honorable Brady M. Fitzsimmons presided on January 4, 1995).