897 So.2d 736 (2004)
STATE of Louisiana
v.
Paul A. LEBLANC.
No. 2004 KA 1032.
Court of Appeal of Louisiana, First Circuit.
December 17, 2004.
*738 Walter P Reed, District Attorney, Covington, Dorothy Pendergast, Metairie, Counsel for the State of Louisiana.
Katherine M. Franks, Baton Rouge, Counsel for Defendant/Appellant Paul A. Leblanc.
Paul A. Leblanc, Angola, In Proper Person.
Before: CARTER, C.J., PETTIGREW and McDONALD, JJ.
McDONALD, J.
Defendant, Paul A. Leblanc, was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967C. Defendant entered a plea of not guilty.[1] Following two mistrials, a jury eventually found defendant guilty. The State instituted habitual offender proceedings against defendant. Prior to the habitual offender adjudication, the trial court sentenced defendant to a term of five years at hard labor for his conviction of possession of cocaine. Following a hearing, the trial court adjudicated defendant a fourth felony habitual offender, vacated the five-year sentence, and resentenced defendant to a term of life imprisonment. Defendant appeals. Following review, we affirm defendant's conviction for possession of cocaine, amend and affirm his fourth felony habitual offender adjudication, vacate his sentence, and remand for resentencing.

FACTS
On September 23, 2002, Deputy Gil Fremin of the St. Tammany Parish Sheriff's Office was dispatched to Spell's Trailer *739 Park between midnight and 1:00 a.m.[2] Deputy Fremin was instructed that defendant might be on the scene, or in a gray truck leaving the area. As Deputy Fremin turned onto the gravel road of the trailer park, he observed a gray truck traveling away at a high rate of speed. Deputy Fremin activated the lights and siren of his unit and stopped the truck. When the truck stopped, defendant got out of the passenger side and yelled, "Why you stopped us?" Deputy Fremin described defendant as very loud, vulgar, and hostile. At the time defendant was wearing only a pair of shorts. Based on defendant's behavior Deputy Fremin believed defendant was intoxicated; but when he could not detect the smell of alcohol, he suspected defendant was under the influence of narcotics.
Deputy Fremin handcuffed defendant, performed a quick pat-down for weapons, and placed him in the backseat of the caged police unit. Defendant continued to act belligerently and began to bang his head against the window of the unit. Deputy Fremin told defendant several times to calm down, but defendant's belligerent behavior persisted. Concerned that defendant was going to harm himself, Deputy Fremin opened the back door to the unit and sprayed defendant with pepper spray, which immediately calmed defendant.
After defendant calmed, Deputy Fremin removed him from the unit and walked him to a nearby hose to wash the pepper spray from defendant's face. Deputy Emile Lubrano arrived and performed a second pat-down while defendant was calm and no longer physically combative. During this pat-down, Deputy Lubrano discovered a crack pipe in defendant's right front pocket. Defendant was arrested for possession of cocaine and drug paraphernalia. Laboratory testing later performed on the crack pipe revealed cocaine residue.

SUFFICIENCY OF THE EVIDENCE
In his first counseled assignment of error and through his pro se assignment of error, defendant challenges the sufficiency of the evidence supporting his conviction for possession of cocaine.
Louisiana Revised Statute 40:967C requires proof that the defendant "knowingly or intentionally" possessed a controlled dangerous substance as classified in Schedule II. Whether an accused knows a substance he possesses is a narcotic may be proven by direct or circumstantial evidence. State v. McMooain, 95-2103, p. 5 (La.App. 1st Cir.9/27/96), 680 So.2d 1370, 1373. A conviction for possession of a controlled dangerous substance may rest on the possession of mere traces or residue of the substance, even absent admissions by the defendant, which might constitute guilty knowledge. McMooain, 95-2103 at pp. 5-6, 680 So.2d at 1373-74. In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. La.Code Crim. P. art. 821; Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).
Defendant argues the testimony of Deputies Fremin and Lubrano was "inconsistent and incredible." Defendant contends that it was error for the jury to have concluded that Deputy Fremin, who also trains new officers, patted down a hostile suspect wearing only a pair of shorts and *740 failed to detect a four to five inch metal object in the suspect's pocket.
Defendant also argues that Deputies Fremin and Lubrano gave inconsistent accounts regarding where Lubrano performed the second pat-down of defendant. Deputy Fremin testified that Deputy Lubrano searched defendant behind the rear passenger door of the unit, while Deputy Lubrano testified that he moved defendant to the front of the unit and then conducted the search. However, at no time did Deputy Fremin indicate he actually saw Deputy Lubrano remove the crack pipe from defendant's shorts.
Defendant testified on his own behalf and denied ever possessing the crack pipe. Defendant further denied acting belligerently towards the officers and accused Deputy Fremin of punching him on the left cheek after he was handcuffed.[3] Defendant admitted to banging his head against the window of the unit, but explained he was doing so in order to get the officer's attention. Defendant claimed Deputy Fremin found the crack pipe in the backseat of the car and denied using drugs prior to this incident.
As the trier of fact, the jury is free to accept or reject, in whole or in part, the testimony of any witness. State v. Handley, 96-0631, p. 7 (La.App. 1st Cir.12/20/96), 686 So.2d 149, 154, writ denied, 97-0189 (La.6/13/97), 695 So.2d 986. On appeal, this court will not assess the credibility of the witnesses or reweigh the evidence to overturn a fact finder's determination of guilty. State v. Patorno, 2001-2585, p. 9 (La.App. 1st Cir.6/21/02), 822 So.2d 141, 147.
The question of whether defendant physically possessed a crack pipe requires the jury to make a credibility determination of the witness's testimony. The jury obviously chose to accept the testimony of Deputy Fremin, that despite the fact defendant was wearing only a pair of shorts, the initial pat-down the officer performed was done so quickly that he failed to detect a four-to-five inch crack pipe in defendant's front pocket. The jury accepted the fact that such an object could be missed when a pat-down was performed on a physically combative suspect. The discrepancies regarding where the second pat-down took place were obviously deemed inconsequential by the jury when compared to the more important issue of whether defendant possessed the crack pipe. In rejecting the defendant's version of events, the jury clearly did not find defendant to be a credible witness.
Viewing the evidence in the light most favorable to the prosecution, we find the evidence is sufficient to support defendant's conviction for possession of cocaine. These assignments of error are without merit.

HABITUAL OFFENDER ADJUDICATION
Defendant contends the trial court erred in finding him to be a fourth felony habitual offender. Specifically, defendant argues that the State did not prove that at the time he entered a guilty plea to a burglary conviction in Texas that he was advised of his right against self-incrimination.[4]
*741 The State set forth five predicate convictions prior to the instant conviction for possession of cocaine, which are summarized herein from the facts found in the record:
A conviction entered February 24, 1997, for possession of less than one gram of cocaine, a violation of Texas Statute 481.115(b) in case number XXXXXXXXXXXX from the 262nd District Court in Houston, Texas.
A conviction entered June 22, 1993, for possession of marijuana, a violation of La. R.S. 40:966D(2), in docket number 212892 from the 22nd Judicial District Court in St. Tammany Parish.
A conviction entered June 22, 1993, for purse snatching, a violation of La. R.S. 14:65.1, and possession of cocaine, a violation of La. R.S. 40:967C, in docket number 212891 from the 22nd Judicial District Court in St. Tammany Parish.
A conviction entered June 22, 1993, for theft over $500.00, a violation of La. R.S. 14:67, in docket number 207095 from the 22nd Judicial District Court in St. Tammany Parish.
A conviction entered September 27, 1985, for burglary of a building, a violation of Texas Statute Section 30.02 in case number 43051 of the Criminal District Court of Jefferson County, Beaumont, Texas.[5]
The trial court considered the three convictions entered on June 22, 1993, in St. Tammany Parish as one conviction, and concluded that defendant was a fourth felony habitual offender.
In order to use a prior guilty plea to enhance punishment under La. R.S. 15:529.1, the State need only prove the fact of conviction and that the defendant was represented by counsel (or waived counsel) at the time he entered his plea. Thereafter, the defendant bears the burden of proving a significant procedural defect in the proceedings. See State v. Shelton, 621 So.2d 769, 779-80 (La.1993). Once a defendant makes an affirmative showing of an infringement of his rights or a procedural irregularity in the plea transcript, the State must prove the constitutionality of the predicate pleas by producing a "perfect" transcript. If the State produces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge must then weigh the evidence to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. Shelton, 621 So.2d at 780.
Defendant specifically takes issue with his burglary conviction from Beaumont, Texas, wherein he was adjudicated guilty under case number 43051 on September 27, 1985. Defendant argues this conviction cannot be used to enhance his current conviction because he was not informed of all of his Boykin rights.
To establish the fact of this conviction, the State introduced certified copies of the indictment, plea agreement, and minute entry. The documentation submitted by the State reflects defendant was represented by counsel, was informed of his right to trial by jury and the right to confront his accusers. There is no evidence defendant was specifically informed of or waived his right to self-incrimination. There was no copy of the transcript of *742 defendant's guilty plea to this charge introduced into evidence.
In State v. Zachary, XXXX-XXXX (La.10/25/02), 829 So.2d 405 (per curiam), the Louisiana Supreme Court addressed whether an out of state nolo contendere plea satisfied the burden of invoking the enhanced sentencing provisions of the habitual offender statute. In Zachary, the State relied on a less than perfect transcript of Zachary's plea. Rather than outline defendant's specific Boykin rights, the judge asked generally if defendant understood the rights being waived by entering her plea. Defendant responded affirmatively. The State further introduced the plea form signed by defendant and her counsel that reiterated among other things, the three Boykin rights, which were all checked "yes" pursuant to the form, signifying defendant understood and waived those rights. Defendant and her counsel both signed the form and defendant affirmed under oath in open court her desire to waive her rights and enter the plea. Zachary, XXXX-XXXX at pp. 4-5, 829 So.2d at 407-08. Under the circumstances presented in Zachary, the supreme court found the State had carried its burden of proving that defendant entered an informed and voluntary no contest plea to a crime that was equivalent to a felony in Louisiana. Zachary, XXXX-XXXX at p. 6, 829 So.2d at 408.
In the instant case, the evidence introduced by the State is less than a "perfect" transcript of defendant's plea. Further, at no place in the evidence introduced by the State is there a specific reference to defendant's right to remain silent or a waiver of that right. Under these circumstances, the guilty plea entered was not free and voluntary and it was error for the trial court to use this conviction as a predicate for enhancement purposes.
However, we note that despite the insufficiency of defendant's Texas burglary conviction to be used as a predicate offense, there is still a basis in the record to support the trial court's adjudication of defendant as a fourth felony habitual offender. The trial court treated the three guilty pleas entered on June 22, 1993 in St. Tammany Parish as one conviction. This was error. The Louisiana Supreme Court recently held that there is no statutory bar to applying the habitual offender law in sentencing for more than one conviction obtained on the same date based on unrelated conduct. State v. Johnson, 2003-2993, p. 17-18 (La.10/19/04), 884 So.2d 568, 578-579 (overruling State ex rel. Mims v. Butler, 601 So.2d 649, 650 (La.1992)(on rehearing)).
It is evident from the record that at least one of these convictions did not arise out of the same criminal episode. The conviction for theft in docket number 207095 arose from an act that occurred on March 30, 1992, while the convictions for possession of marijuana (docket number 212892) and purse snatching (docket number 212891) arose from acts that occurred on October 16, 1992. Given that approximately six months passed between these criminal acts, we cannot say all three convictions arose from the same criminal act. Accordingly, the conviction for theft should have been treated as a separate predicate conviction. As a result, there are still sufficient predicates to support the trial court's adjudication of defendant as a fourth felony habitual offender.
This assignment of error is without merit.

EXCESSIVE SENTENCE
Through this assignment of error, defendant contends that the trial court's imposition of a life sentence was excessive and that the trial court failed to consider *743 the sentencing guidelines of La.Code Crim. P. art. 894.1 and that the trial court failed to comply with the Habitual Offender Statute by not providing written reasons for its sentence.
Louisiana Revised Statute 15:529.1A(c)(i) provides that the sentencing range for persons convicted of four or more felony offenses is twenty years to life. The trial court sentenced defendant to the maximum term of life. Defendant objected and filed an oral motion for reconsideration, which was denied without a hearing.
Louisiana Code of Criminal Procedure article 894.1 sets forth items that must be considered by the trial court before imposing sentence. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. State v. Faul, XXXX-XXXX, p. 4 (La.App. 1st Cir.2/23/04), 873 So.2d 690, 692.
Following defendant's objection to the sentence, the trial court gave the following reason for imposition of the maximum sentence, "I'm looking at at [sic] least one, two, three, four, five felonies that I know of. That was a lot." Our review of the record fails to disclose that the trial court ever mentioned the considerations of Article 894.1, nor is there anything in the record that would indicate the trial court actually considered the guidelines in imposing sentence. We note that the trial court appeared to be motivated by the number of prior offenses defendant committed. The number of offenses alone does not necessitate imposition of a life sentence for fourth felony habitual offenders, otherwise La. R.S. 15:529.1 would not provide sentencing ranges. Accordingly, we are compelled to vacate defendant's sentence and remand this case for resentencing in order for the trial court to consider the guidelines.
This assignment of error has merit.

RIGHT TO A TRIAL BY JURY
In his fourth assignment of error, defendant argues that he was deprived of his right to a jury trial on all facts essential to his sentence when the trial court utilized facts not found by the jury to enhance his sentence from the maximum five year sentence prescribed by La. R.S. 40:967, the offense for which he was found guilty, to life imprisonment. Defendant argues his sentence should be vacated and the matter remanded for resentencing solely on the offense found by the jury to have been committed.[6]
Defendant points to two cases from the United States Supreme Court, Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) as providing a basis to support a finding that defendant's sentencing under the Habitual Offender Law bears no relationship to the jury verdict rendered in this case, and the sentencing procedure used by the trial court deprived him of his right to trial by jury on facts essential to his sentence. We disagree.
Apprendi presented a case where a defendant was indicted for possession of a firearm with an unlawful purpose after firing shots at the home of a new family in his neighborhood. The offense carried a penalty range of five to ten years. Following his arrest, defendant made a comment *744 indicating his actions were racially motivated; however, no mention of his motive was made in the indictment. Defendant pled guilty and the State reserved its right to request sentencing enhancement based on New Jersey's hate-crime statute. The New Jersey hate-crime statute authorized a 20-year sentence, despite the usual 10-year maximum, if the judge found the crime to have been committed with a purpose to intimidate because of race, color, gender, handicap, religion, sexual orientation or ethnicity. Apprendi, 530 U.S. at 468-70, 120 S.Ct. 2348 (citations omitted). In Apprendi, the Supreme Court concluded that defendant's constitutional rights had been violated because the judge imposed a sentence greater than the maximum he could have imposed due to his own finding, rather than a jury's determination, that the crime had been committed with the purpose of intimidating because of race. Apprendi, 530 U.S. at 491-97, 120 S.Ct. 2348.
In Blakely, the Supreme Court held that a state court's sentencing of defendant to more than three years above the 53 month statutory maximum of the standard range for the offense of second degree kidnapping involving domestic violence, violated defendant's right to a jury trial because the sentencing judge found defendant acted with "deliberate cruelty," which was a statutorily enumerated ground for departure in domestic violence cases. Blakely, ___ U.S. at ___, ___, 124 S.Ct. at 2535, 2543.
Neither Apprendi nor Blakely addressed the issue of whether a defendant was entitled to a trial by jury in multiple offender proceedings. Moreover, Apprendi specifically exempted such proceedings by stating, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. Apprendi, 530 U.S. at 476, 120 S.Ct. 2348.
In the instant case, defendant was tried before a jury on the charge of possession of cocaine. Following defendant's conviction for this offense, the State instituted habitual offender proceedings. It is well settled that a multiple offender proceeding is a status rather than a criminal proceeding; therefore, the right to a jury trial does not apply as a matter of federal or state constitutional law. State v. McAllister, 366 So.2d 1340, 1344 (La.1978). Neither Apprendi nor Blakely change this principle.
This assignment of error is without merit.
CONVICTION AFFIRMED; HABITUAL OFFENDER ADJUDICATION AMENDED AND AFFIRMED AS AMENDED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.
NOTES
[1] On April 21, 2003, the district attorney amended the bill of information to add a second count of possession of methamphetamine, a violation of La. R.S. 40:967C. Defendant entered a plea of not guilty; however, this count was not presented to the jury. The record does not reflect any disposition of this charge.
[2] The police were originally dispatched to the trailer park in response to another charge against defendant that was later dropped and is not an issue in this appeal.
[3] Pictures taken of defendant following his arrest do not indicate any bruises on his left cheek.
[4] Defendant also argues the State failed to establish his identity beyond a reasonable doubt for the Texas burglary conviction. Because we find the State did not prove this conviction was voluntary, we need not address this issue.
[5] An amended bill of information indicates this conviction was entered on October 3, 1983; however, that date is in conflict with the documents evidencing this conviction. Defendant's guilty plea was entered on October 31, 1983, but the adjudication of guilt was not made until September 27, 1985, when defendant's probation was revoked.
[6] Despite the fact we vacate defendant's sentence as a fourth felony habitual offender on other grounds and remand the matter for resentencing, we still address the issue with regard to whether defendant was deprived of his right to trial by jury for the habitual offender adjudication.