STATE OF LOUISIANA,
v.
JEFFREY A. WILHELM.
No. 2007 KA 1928.
Court of Appeal of Louisiana, First Circuit.
March 26, 2008.
WALTER P. REED, District Attorney, Cavington, L.A., Kathryn Landry, Special Appeals Counsel, BATON ROUGE, LA, Counsel for Appellee, State of Louisiana,
JOHN W. LINDNER II, Covington, LA, JEFFREY A. WILHELM, Counsel for Defendant/Appellant,
Before: WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
The defendant, Jeffrey A. Wilhelm, was charged by bill of information with one count of possession of cocaine, a violation of LSA-R.S. 40:967(C), and pled not guilty. Following a jury trial, he was found guilty as charged. He moved for a new trial and for a post-verdict judgment of acquittal, but the motions were denied. He was sentenced to five years at hard labor. Thereafter, the State filed a habitual offender bill of information against the defendant alleging that he had previously pled guilty to two drug offenses, and thus, was a third-felony habitual offender. Following a hearing, the defendant was adjudged a "multiple offender" and was sentenced to seven years at hard labor. The previously imposed sentence, therefore, was vacated. He now appeals, designating one assignment of error. We affirm the conviction, the habitual offender adjudication, and the sentence.

ASSIGNMENT OF ERROR
The trial court and jury erred in finding that there was sufficient evidence to support the conviction.

FACTS
On July 12, 2005, Corporal Liniel Thompson of the St. Tammany Parish Sheriffs Office observed the defendant drive out of the Rocket Ranch Trailer Park, where Corporal Thompson had previously made numerous narcotics arrests. The defendant failed to make a complete stop at a stop sign. Corporal Thompson made a u-turn, approached the defendant, and initiated a traffic stop.
Before pulling to the side of the road, the defendant moved around inside of the car, causing the vehicle to repeatedly swerve out of its lane. Once the defendant pulled over, Corporal Thompson approached him and engaged him in conversation. According to the officer, the defendant was "very rigid" and stared straight ahead. Corporal Thompson asked the defendant to exit the vehicle and the defendant complied.
When the defendant exited the vehicle, Corporal Thompson saw a hypodermic syringe on the floor of the vehicle. He asked the defendant if he had any kind of medical condition, such as diabetes, that would require the use of a hypodermic needle for treatment. The defendant answered negatively, and Corporal Thompson advised him of his Miranda rights. In response to questioning by Corporal Thompson, the defendant indicated that the hypodermic syringe belonged to "a friend." The defendant claimed, however, that he did not know the name of "the friend."
Corporal Thompson asked the defendant for permission to search his vehicle, the defendant consented, and Corporal Thompson recovered a total of four syringes. Several syringes were under the edge of the console on the driver's side of the vehicle. One of the syringes contained a liquid, and others had "a little bit of a residue" in them. Corporal Thompson questioned the defendant concerning the contents of the syringes. Although the defendant initially claimed that he was not sure what the syringes contained, he later claimed that the syringe with the liquid contained water. Corporal Thompson then arrested the defendant for possession of drug paraphernalia and traffic violations. The defendant asked Corporal Thompson why he was being "so hard on him" for just a few syringes. Corporal Thompson conceded that a normal person, with normal vision, could not have determined if the syringes contained drugs.
Although the first, third, and fourth syringes contained insufficient samples for laboratory analysis, scientific analysis revealed the presence of cocaine in the second syringe.
Albert Wilhelm, the defendant's father, testified that he had a disagreement with the defendant concerning the vehicle. Specifically, the defendant's father testified that although the vehicle was in the defendant's name, the father had loaned the defendant the money to purchase the vehicle and the defendant regularly let other people use the vehicle. The defendant's father, however, could not remember if the defendant had let anyone else use the car on either the day of, or the day before, the traffic stop.

SUFFICIENCY OF THE EVIDENCE
In his sole assignment of error, the defendant argues that there was insufficient circumstantial evidence to support an inference of guilty knowledge in this case.
The standard of review for sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime and the defendant's identity as the perpetrator of that crime beyond a reasonable doubt. In conducting this review, we also must be expressly mindful of Louisiana's circumstantial evidence test, which states in part, "assuming every fact to be proved that the evidence tends to prove, in order to convict," every reasonable hypothesis of innocence is excluded. State v. Wright, 98-0601, p. 2 (La. App. 1 Cir. 2/19/99), 730 So.2d 485, 486, writs denied, 99-0802 (La. 10/29/99), 748 So.2d 1157, XXXX-XXXX (La. 11/17/00), 773 So.2d 732 (quoting LSA-R.S. 15:438).
When a conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and the facts reasonably inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. Wright, 98-0601 at p. 3, 730 So.2d at 487.
Louisiana Revised Statute 40:967(C) requires proof that the defendant "knowingly or intentionally" possesses a controlled dangerous substance as classified in Schedule IL[1] Whether an accused knows a substance he possesses is a narcotic drug may be proven by direct or circumstantial evidence. State v. McMooain, 95-2103, p. 5 (La. App. 1 Cir. 9/27/96), 680 So.2d 1370, 1373. Examples of corroborating evidence sufficient to support the inference of guilty knowledge to defendants who are in possession of residue-containing drug paraphernalia include: cocaine residue, visible to the naked eye; evidence of flight or furtive behavior; possession of multiple pieces of drug paraphernalia, or evidence of recent drug use; and physical possession by the defendant of an instrument with no utility other than the ingestion of drugs. State v. Sylvia, XXXX-XXXX, p. 4 (La. 4/9/03), 845 So.2d 358, 361-62.
After a thorough review of the record, we are convinced that the evidence presented in this case, viewed in the light most favorable to the State, proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, all of the elements of possession of cocaine and the defendant's identity as the perpetrator of that offense. The verdict rendered against the defendant indicates that the jury accepted the testimony of the State's witnesses and rejected the testimony of the defense witness. As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Johnson, 99-0385, p. 9 (La. App. 1 Cir. 11/5/99), 745 So.2d 217, 223, writ denied, XXXX-XXXX (La. 11/13/00), 774 So.2d 971. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Glynn, 94-0332, p. 32 (La. App. 1 Cir. 4/7/95), 653 So.2d 1288, 1310, writ denied, 95-1153 (La. 10/6/95), 661 So.2d 464. Further, in reviewing the evidence, we cannot say that the jury's determination was irrational under the facts and circumstances presented to them. See State v. Ordodi, XXXX-XXXX, p. 14 (La. 11/29/06), 946 So.2d 654, 662. The defendant was apprehended, leaving an area of high narcotics activity with four syringes in his car, one of which contained enough cocaine for laboratory analysis, one of which contained a liquid, and several of which contained residue. The defendant claimed that the syringes belonged to a friend, but he could not name the friend. While he did not try to flee from the police, he did move around in his car before pulling over, and the placement of several of the syringes in his vehicle was consistent with an attempt to hide the syringes. While syringes are used for purposes other than the ingestion of cocaine, the defendant denied having a medical reason for his possession of the syringes. Additionally, the jury rejected the defense theory that the defendant did not knowingly possess cocaine. When a case involves circumstantial evidence and the jury reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. See State v. Moten, 510 So.2d 55, 61 (La. App. 1 Cir.), writ denied, 514 So.2d 126 (La. 1987). No such hypothesis exists in the instant case. This assignment of error lacks merit.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.
NOTES
[1] Cocaine is a controlled dangerous substance classified in Schedule II La. R.S. 40:964, Schedule II(A)(4).