PER CURIAM.
h Granted. Relator’s sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence is vacated and this case is remanded to the district court for resentencing.
At the time relator entered guilty pleas to three felony offenses on the same day in 1993, at the time of his commission of the predicate offense, simple possession of cocaine in violation of La.R.S. 40:967(0(2), in 2002, and at the time of his sentencing in January 2004, multiple convictions entered on the same date counted as a single conviction for purposes of enhanced sentencing under the habitual offender provisions of La.R.S. 15:529.1. State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992) (on reh’g). This longstanding jurisprudential rule began with the decision in State ex rel. Jackson v. Henderson, 283 So.2d 210 (La.1973) and continued over the years in an unbroken line of authority, questioned only once by this Court, and then only in dicta, see State v. Everett, 00-2998, p. 17-18 (La.5/14/02), 816 So.2d 1272, 1282-83, until we decided State v. Johnson, 03-2993 (La.10/19/04), 884 So.2d 568, overruled Mims, and held that multiple convictions entered on the same date may count as more than one conviction for purposes of habitual offender sentencing under La.R.S. 15:529.1. We had just decided Johnson | awhen the court of appeal affirmed relator’s conviction and his adjudication as a fourth offender on direct review but remanded for resentencing in terms of the guidelines provided by La.C.Cr.P. art. 894.1. State v. Leblanc, 04-1032 (La.App. 1 Cir. 12/17/04), 897 So.2d 736, writ denied, 05-0150 (La.4/29/05), 901 So.2d 1063 (Calogero, C.J., Johnson, Knoll, JJ., to grant), appeal after remand 05-2344 (La.App. 1 Cir. 6/9/06), 931 So.2d 563, writ denied, 06-1714 (La.1/26/07), 948 So.2d 165 (Calogero, C.J., Johnson, J., to grant). Although the court of appeal found on initial review that one of the convictions used in the habitual offender status ladder was invalid for that purpose, it nevertheless held that relator remained a fourth offender because the convictions entered on the same date in 1993 counted, under Johnson, decided only two months earlier, as the equivalent of two convictions, not one, for use on the habitual offender status ladder. LeBlanc, 04-1032 at 9, 897 So.2d at 742.
The legislature responded to our decision in Johnson in less than a year by amending La.R.S. 15:529.1(B) to express its unequivocal intent that “[mjultiple convictions obtained on the same day prior to October 19, 2004 [ie., the date Johnson was decided], shall be counted as one conviction for the purpose of this Section.” 2005 La. Acts 218. The amendment sharply curtailed the scope of our decision in Johnson. Thus, in the span of some 50 years, from the decision in Jackson in 1973 to the present day, relator’s convictions entered on the same day in 1993 count as only one conviction for habitual offender sentencing purposes in all but the brief, 10-month window opened by this Court’s decision in Johnson and then promptly closed by the legislature in its 2005 amendment of La.R.S. 15:529.1(B).
For the defendant in Johnson, this Court’s departure from a longstanding rule exemplified by Mims did not necessarily have any effect on his sentence and thus did not implicate the common interests of the Ex Post Facto and Due Process | ^Clauses in notice and fair warning when this Court used his case as the vehicle to change the rule. Rogers v. Tennessee, 532 U.S. 451, 456-60, 121 S.Ct. 1693, 1697-99, 149 L.Ed.2d 697 (2001) (“We have observed ... that limitations on ex post facto judicial decisionmaking are inherent in the notion of due process.... [T]he Due Process and Ex Post Facto Clauses safeguard common interests — in particular, the inter *1170 est in fundamental fairness (through notice and fair warning) and the prevention of the arbitrary and vindictive use of the laws.”) (citation omitted). With a total of three convictions for crimes of violence, including his predicate offense of armed robbery, Johnson was exposed to a mandatory maximum penalty of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, whether adjudicated a third or fourth offender. La.R.S. 15:529.1(A)(3)(b); R.S. 15:529.1(A)(4)(b).[1] On the other hand, for relator, who faced a maximum sentence of 10 years imprisonment at hard labor if adjudicated a third offender, only half of the mandatory minimum he could receive as a fourth offender as a matter of La.R.S. 15:529.1(A)(4)(a), and far less than the maximum penalty of life imprisonment at hard labor he did receive, punishment far beyond what the law gave him notice he might endure at the time he committed the crime of possession of cocaine, Johnson was akin to a strike of lightning.
This Court has held that claims of sentencing error are generally not cognizable in post-conviction proceedings. State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172. One ground for post-conviction relief is, however, that “[t]he conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana.” La.C.Cr.P. art. 930.3(6) (emphasis added). The due process interests in notice and fair warning implicated by judicial decisions marking a pronounced change in ^settled law are so closely allied with the common interests shared by the Ex Post Facto Clauses of the federal and state constitutions as they apply to legislative enactments, Rogers, 532 U.S. at 458-60, 121 S.Ct. at 1698-99, that relator’s claim is properly a ground for post-conviction relief. At the same time, relator’s complaint that he has received punishment far in excess of what the law prescribed at the time he committed the predicate offense, and so far beyond what the legislature intended with respect to the determination of offender status for purposes of -habitual offender sentencing, also states a ground for collaterally attacking his sentence as illegal, a claim which may be asserted “at any time” as a matter of La.C.Cr.P. art. 882 without regard to the time limits that otherwise apply to applications for post-conviction relief. State ex rel. Johnson v. Day, 92-0122 (La.5/13/94), 637 So.2d 1062; see, e.g., State v. Siegel, 354 So.2d 525, 527 (La.1978) (under prevailing law, defendant’s simple escape conviction could not be used as a basis for additional enhanced punishment for purposes of La.R.S. 15:529.1 and its inclusion in the habitual offender status ladder, rendering defendant a fourth instead of a third offender, “was not authorized by law and ... therefore [resulted in] an illegal sentence”) (citation omitted); see also State v. Singleton, 09-1269 (La.4/23/10), 33 So.3d 889 (an inmate who successfully vacates one of the prior convictions used in a habitual offender proceeding and thereby changes his offender status, may collaterally attack his sentence if it exceeds the maximum penalty he could have received without the prior conviction counted in the offender status ladder).
We recognize that in this unique convergence of grounds for post-conviction relief as a matter of La.C.Cr.P. art. 930.3(6) and for collaterally attacking a sentence as illegal under La.C.Cr.P. art. 882, relator has stated a claim upon which relief may be granted even years after finality of his conviction and sentence. He is entitled to the relief he seeks, which is no more than application to his case of l^the settled rule in Louisiana that an of *1171 fender’s punishment is determined according to the law in effect at the time he committed his crime. State v. Sugasti, 01-3407, p. 4 (La.6/21/02), 820 So.2d 518, 520 (“A defendant must be sentenced according to the sentencing provisions in effect at the time of the commission of the offense.”); State v. Parker; 03-0924, p. 9 (La.4/14/04), 871 So.2d 317, 322 (defendant’s status as a habitual offender determined as of the date he commits the charged crime). Relator’s sentence is therefore vacated and this case is remanded to the district court for resentencing as a third felony offender.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
CLARK, J., dissents and would deny as untimely and repetitive.

. Former La.R.S. 15:529. l(A)(l)(b)(ii); 15:529.1 (A)( 1 )(c)(ii).