Judgment rendered March 11, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,766-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

DAVID M. KENNEDY, JR.                 Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court No. 2022-F10

Honorable Stephen Gayle Dean, Judge

* * * * *

LOUISIANA APPEALS                     Counsel for Appellant
AND WRIT SERVICE
By: Remy V. Starns
    Justin C. Harrell

PENNY WISE DOUCIERE                   Counsel for Appellee
District Attorney

KENNETH DOUGLAS WHEELER
AMANDA MICHELE WILKINS
Assistant District Attorneys

* * * * *

Before THOMPSON, HUNTER, and MARCOTTE, JJ.

**HUNTER, J.**

Defendant, David M. Kennedy, Jr., was charged by amended bill of information with aggravated flight from an officer where human life is endangered, in violation of La. R.S. 14:108.1, resisting an officer with force or violence, in violation of La. R.S. 14:108.2(A)(3), two counts of aggravated assault with a motor vehicle upon a peace officer, in violation of La. R.S. 14:37.6, battery of a police officer resulting in medical attention, in violation of La. R.S. 14:34.2, and two counts of aggravated criminal damage to property, in violation of La. R.S. 14:55. Defendant pled guilty to aggravated flight from an officer, aggravated assault upon a peace officer with a motor vehicle, and battery of a police officer requiring medical attention, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). He was sentenced to serve 15 years at hard labor for aggravated flight from an officer, 10 years at hard labor for aggravated assault on a peace officer with a motor vehicle, and five years at hard labor for battery of a police officer requiring medical attention. The sentences were ordered to be served concurrently.

For the following reasons, we affirm defendant's convictions and the sentence imposed for aggravated assault on a peace officer with a motor vehicle. We vacate the sentences imposed for aggravated flight from an officer and battery on a police officer requiring medical attention, and we remand for resentencing.

**FACTS**

On November 19, 2021, Officer Dakota McKinney of the Mangham Police Department was patrolling Louisiana Highway 425 in Richland Parish, when he observed a vehicle traveling at a high rate of speed and

crossing left of the center line. Officer McKinney conducted a traffic stop and encountered the driver of the vehicle, defendant, David M. Kennedy, Jr. The officer asked defendant for his driver's license, vehicle registration, and proof of insurance, and defendant complied with the request. During the interaction, the officer became suspicious that defendant was impaired and asked him if he had been drinking; defendant admitted he had consumed "a few drinks." Therefore, Officer McKinney requested assistance from the Louisiana State Police Department to investigate a potential impaired driver.

Officer McKinney asked defendant to exit the vehicle; defendant refused to comply and fled the scene in his vehicle. Officer McKinney activated his lights and sirens and pursued defendant. Deputies Robert Colvin and Ryan Gibson of the Richland Parish Sheriff's Office ("RPSO") joined the pursuit utilizing their lights and sirens. Nevertheless, defendant kept driving, leading the officers on a high-speed chase into Franklin Parish. During the pursuit, defendant attempted to strike one of the RPSO vehicles by swerving his vehicle. Defendant proceeded onward, switching from one lane to another, running other vehicles off the highway. At times, his speed exceeded 100 miles per hour. During the pursuit, defendant attempted to cause collisions with the pursuing law enforcement vehicles by slamming on his brakes. Thereafter, while driving southbound, defendant swerved his vehicle sideways in the roadway, struck one of the RPSO vehicles, crossed the median of the highway, and drove back northbound. During the process, defendant struck the front of the other RPSO vehicle. Defendant then drove back across the median of the roadway and continued south; along the way, he intentionally attempted to strike the pursuing officers' vehicles four times. Defendant slammed on his brakes, ran off the side of the roadway,

2

entered a ditch, and drove into a field. The pursuit ended when defendant lost control of his vehicle and flipped it upside down into a ditch.

Once the vehicle came to a stop, defendant defied the officers' commands to exit the vehicle. Deputy Gibson attempted to assist defendant out of the vehicle, and defendant grabbed him by his arm, dragging the deputy's hand through broken glass. Deputy Gibson's resulting injury required medical attention. Defendant refused to exit the vehicle and continued to resist by physically fighting with the officers. Ultimately, defendant was removed from the vehicle and placed under arrest.

The flight, pursuit, and arrest were captured on Officer McKinney's dash camera. Defendant's personal GoPro dash camera was also engaged and depicted the entire incident. Defendant's camera also captured audio, and defendant could be heard expressing his intentions to disable police vehicles and to inflict serious or fatal injuries upon the pursuing officers.

Defendant was charged by amended bill of information with aggravated flight from an officer where human life is endangered, in violation of La. R.S. 14:108.1, resisting an officer with force or violence, in violation of La. R.S. 14:108.2(A)(3), two counts of aggravated assault with a motor vehicle upon a peace officer, in violation of La. R.S. 14:37.6, battery of a police officer resulting in medical attention, in violation of La. R.S. 14:34.2, and two counts of aggravated criminal damage to property, in violation of La. R.S. 14:55.

The matter proceeded to trial; however, during jury selection, defendant and the State negotiated a plea agreement.[1] Defendant pled guilty

---

[1]Initially, defendant was represented by retained counsel, who made multiple appearances and filed motions on defendant's behalf. After representing defendant for

3

to aggravated flight from an officer, aggravated assault upon a peace officer with a motor vehicle, and battery of a police officer requiring medical attention, pursuant to *North Carolina v. Alford*, *supra*. Under the plea agreement, defendant would receive a "15-year cap," and the remaining charges were dismissed. Defendant was sentenced to serve 15 years at hard labor for aggravated flight from an officer, 10 years at hard labor for aggravated assault upon a peace officer with a motor vehicle, and five years at hard labor for battery of a police officer. The sentences were ordered to be served concurrently.

In imposing the sentences, the trial court considered the factors set forth in La. C. Cr. P. art. 894.1, and stated as follows:

> There can be no excuse or justification for your intentional and dangerous actions that night. The audio of you repeatedly relaying your intentions to injure or kill pursuing officers, is particularly telling as to your presence of mind, and your cold calculating thought process in committing these crimes. You had no compunctions in using your large vehicle to repeatedly attempt to injure or kill police officers, or in intentionally causing bodily injury to an officer during your arrest. You have clearly no regard for obeying the law, or for the lives of others. You have shown yourself to be an absolute danger to those around you, and to society at large.
>
> As a judge, I have the responsibility and duty to impose a sentence upon you that is reasonable under our law, as well as appropriate in light of the circumstances of these crimes. The circumstances of the very serious crime[s] to which you entered

nearly two years, counsel filed a motion to withdraw, stating he and defendant has "reached an in passe [sic] regarding both representation and the conduct of the case"; the trial court granted the motion to withdraw. Thereafter, the trial court granted defendant's request to represent himself. After representing defendant for nearly a year, appointed counsel filed a "Motion to be Relieved as Court Appointed Counsel," asserting defendant had been "completely non-cooperative" throughout the process. Following a hearing, the trial court granted the motion to be relieved as counsel. Further, the trial court informed defendant of his constitutional rights, and ensured defendant understood the dangers and disadvantages of self-representation. Subsequently, defendant voluntarily, knowingly, and intelligently waived his right to counsel, and the court granted defendant's request to represent himself without the assistance of counsel. During the exchange, the court urged defendant to accept the appointment of counsel and to fully cooperate with appointed counsel. Defendant responded, "I don't want another attorney."

a plea of guilty, and your prior felony criminal record weigh very strongly against sentencing you to any period less than the maximum provided by law.

Defendant appeals.

## DISCUSSION

Defendant contends the 15-year sentence imposed for aggravated flight from an officer is illegal and constitutionally excessive. He argues the offenses occurred on November 19, 2021, and at the time he committed the offenses, the maximum sentence for aggravated flight from an officer was five years. Defendant further asserts he was not charged with aggravated flight resulting in serious bodily injury; therefore, the sentence imposed for aggravated flight from an officer should not have exceeded five years at hard labor.

The law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. *State v. LeBlanc*, 14-0163 (La. 1/9/15), 156 So. 3d 1168; *State v. Sugasti*, 01-3407 (La. 6/21/02), 820 So. 2d 518; *State v. Boyd*, 54,950 (La. App. 2d Cir. 4/5/23), 360 So. 3d 1264; *State v. Thompson*, 50,392 (La. App. 2 Cir. 2/24/16), 189 So. 3d 1139, *writ denied*, 16-0535 (La. 3/31/17), 217 So. 3d 358. A defendant must be sentenced according to sentencing provisions in effect at the time of the commission of the offense. *State v. LeBlanc, supra*; *State v. Sugasti, supra*; *State v. Narcisse*, 426 So. 2d 118 (La. 1983), *cert. denied*, 464 U.S. 865, 104 S. Ct. 202, 78 L. Ed. 2d 176 (1983); *State v. Boyd, supra*; *State v. Thompson, supra*. The imposition of a harsher sentence than that prescribed at the time the offense was committed constitutes a violation of the *ex post facto* clauses of both the federal and state constitutions. *State v. Johnson*, 50,248 (La. App. 2 Cir. 2/24/16), 188

So. 3d 291; *State v. Sanderson*, 49,957 (La. App. 2 Cir. 7/22/15), 174 So. 3d 149; *State v. Moore*, 37,046 (La. App. 2 Cir. 5/14/03), 847 So. 2d 97.

At the time of the offenses, La. R.S. 14:108.1(E) provided:

(1) Whoever commits aggravated flight from an officer shall be imprisoned at hard labor for not more than five years and may be fined not more than two thousand dollars.
***

Thus, the maximum sentence for aggravated flight from an officer, when the offense does not result in serious bodily injury, was five years.[2] In light of the sentence in effect at the time defendant committed the offense, we find the sentence imposed for aggravated flight from a police officer is illegally harsh. Accordingly, we hereby vacate the 15-year sentence imposed and remand this matter to the trial court for resentencing.

**ERRORS PATENT**

We have reviewed this record for errors patent. Our review reveals the sentence imposed for battery of a police officer requiring medical attention is illegally lenient because the trial court failed to order at least 30 days of the sentence is to be served without benefit of probation, parole, or suspension of sentence in accordance with La. R.S. 14:34.2(B)(3)(a). This error is not automatically corrected under La. R.S. 15:301.1 because the penalty language of the statute gives the trial court discretion in determining the exact length of time that benefits are to be withheld. Accordingly, the sentence for battery of a police officer must be vacated and the case remanded to the trial court for resentencing in compliance with La. R.S.

---

[2] The statute was amended to increase the penalty for aggravated flight, when the offense does not result in serious bodily injury, from five years to "not more than fifteen years" by Acts 2024, No. 1, effective August 1, 2024.

14:34.2.  *See State v. Jones*, 51,941 (La. App. 2 Cir. 4/11/18), 247 So. 3d 1066; *State v. Boehm*, 51,229 (La. App. 2 Cir. 4/5/17), 217 So. 3d 596; *State v. Rose*, 50,861 (La. App. 2 Cir. 9/28/16), 206 So. 3d 1102.

## CONCLUSION

For the reasons set forth herein, we affirm defendant's convictions and the sentence imposed for aggravated assault on a peace officer with a motor vehicle.  We vacate the sentences imposed for aggravated flight from an officer and battery on a police officer requiring medical attention, and we remand for resentencing for those offenses.

**CONVICTIONS AFFIRMED; SENTENCE FOR AGGRAVATED ASSAULT ON A PEACE OFFICER WITH A MOTOR VEHICLE AFFIRMED; SENTENCES FOR AGGRAVATED FLIGHT FROM AN OFFICER AND BATTERY ON A POLICE OFFICER REQUIRING MEDICAL ATTENTION VACATED; REMANDED FOR RESENTENCING.**