873 So.2d 690 (2004)
STATE of Louisiana
v.
Elroy J. FAUL.
No. 2003 KA 1423.
Court of Appeal of Louisiana, First Circuit.
February 23, 2004.
*691 Mark Chiasson, Thibodaux, for Appellee, State of Louisiana.
Holli Herrle-Castillo, Marrero, for Appellant, Elroy J. Faul.
Before: CARTER, C.J., PARRO, and GUIDRY, JJ.
CARTER, C.J.
The defendant, Elroy J. Faul, was charged by bill of information with one count of sexual battery, a violation of LSA-R.S. 14:43.1. He pled guilty and was sentenced to five years at hard labor without benefit of probation, parole, or suspension of sentence. Additionally, he was ordered to comply with the sex offender notification requirements of LSA-R.S. 15:542. The trial court denied the defendant's motion to reconsider sentence. The defendant now appeals.

FACTS
The defendant pled guilty, therefore there was no trial testimony concerning the defendant's crime. However, the trial court stated the defendant was charged with having sexual contact with a victim more than three years younger than the defendant and younger than fifteen years of age. The trial court indicated the alleged sexual contact was that the defendant had "used [his] penis and touched [the victim]." The defendant acknowledged that by pleading guilty, he was admitting the truth of the charge against him.

DISCUSSION
In his sole assignment of error, the defendant contends the sentence imposed is excessive. Initially, we address the State's argument that review of the assignment of error is barred by LSA-C.Cr.P. art. 881.2 A(2).
Louisiana Code of Criminal Procedure article 881.2 A(2) provides:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
This article must be strictly and narrowly construed, with any ambiguity resolved in favor of the defendant. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, 800. *692 Criminal statutes are presumed valid and are given a genuine construction according to the fair import of their words, taken in their usual sense, in context and with reference to the purpose of the provision. LSA-R.S. 14:3; Williams, 800 So.2d at 800. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9; State v. Gomez, 00-0566 (La.1/17/01), 778 So.2d 549, 553.
The plain language of LSA-C.Cr.P. art. 881.2 A(2) bars appellate review only when the plea agreement is set forth in the record at the time of the defendant's plea. Our review of the record in the instant case reveals that during the Boykin colloquy, the trial court asked the defendant whether, in exchange for his guilty plea, anyone made any promises to him, other than "the potential plea agreement." The defendant responded in the negative. After the trial court accepted the defendant's guilty plea, the State informed it that the victim's mother agreed with the plea bargain. The trial court then imposed sentence. Nothing further regarding the plea agreement was set forth in the record at the time of the defendant's plea.[1]
After careful review, we agree with the State that the existence of a plea agreement was set forth in the record at the time of the defendant's plea. However, that plea agreement was not set forth in the record with any particularity. Without specific reference to an agreed-upon sentence in the record at the time of the plea, LSA-C.Cr.P. art. 881.2 A(2) does not bar appellate review of the sentence imposed. See State v. Raymond, 97-0202 (La.App. 1 Cir. 2/20/98), 708 So.2d 1156, 1157. Accordingly, we will address the merits of the defendant's argument.
The defendant pled guilty to sexual battery, a violation of LSA-R.S. 14:43.1. Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years. LSA-R.S. 14:43.1 C. The defendant was sentenced to five years at hard labor without benefit of probation, parole, or suspension of sentence. The defendant now contends the trial court failed to consider the factors of LSA-C.Cr.P. art. 894.1 in imposing sentence and also argues the five-year sentence is constitutionally excessive.
Louisiana Code of Criminal Procedure article 894.1 sets forth items that must be considered by the trial court before imposing sentence. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the criteria. In light of the criteria expressed by article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Hurst, 99-2868 (La.App. 1 *693 Cir. 10/3/00), 797 So.2d 75, 83, writ denied, 00-3053 (La.10/5/01), 798 So.2d 962.
Article I, section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. Hurst, 797 So.2d at 83.
During the Boykin colloquy, the trial court informed the defendant that he was alleged to have had sexual contact with a victim younger than fifteen years of age and more than three years younger than himself. The trial court further informed the defendant that he was alleged to have "used [his] penis and touched [the victim]." The defendant admitted the truth of the charge against him by pleading guilty.
At the hearing on the motion to reconsider sentence, the defendant indicated he was aware that the State had been prepared to present the defendant's own audiotaped statement against him. In the statement, the defendant admitted rubbing his penis on the victim's vagina and admitted rubbing the victim's buttocks with his hands. The trial court denied the motion to reconsider sentence, noting the sentence in the matter was based, in part, on "the age of the victim, the age of [the defendant] relative to the victim, and the situation [the defendant] [was] in."
A thorough review of the record reveals the trial court adequately considered the criteria of article 894.1 and did not manifestly abuse its discretion in imposing the sentence herein. See LSA-C.Cr.P. art. 894.1 B(2) and LSA-C.Cr.P. art. 894.1 B(21). Additionally, the sentence imposed was not grossly disproportionate to the severity of the offense, and thus, was not unconstitutionally excessive.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] We note that the appellate record does contain further evidence regarding the plea agreement. The record includes a document captioned "Felony Sentencing," which was signed by the trial court two days after it accepted the defendant's plea. That document indicates that the trial court imposed sentence "[i]n accordance with an agreement between the defendant and the State." Additionally, the defendant's pro se motion to reconsider sentence sets forth that defense counsel originally advised the defendant that his sentence would not exceed three years, but later the agreement changed to five years. This documentation, however, was not part of the record at the time of the defendant's plea. Therefore, strictly construing LSA-C.Cr.P. art. 881.2 A(2) as we must, these documents have no bearing on whether appellate review is precluded.