STATE OF LOUISIANA
v.
ERIC G. BRISTER.
No. 2009 KA 0655
Court of Appeals of Louisiana, First Circuit.
October 23, 2009
Not Designated for Publication
WALTER P. REED, District Attorney, KATHRYN LANDRY, Special Appeals Counsel, Attorneys for State of Louisiana
FREDERICK KROENKE, Louisiana Appellate Project, Attorney for Defendant-Appellant Eric G. Brister
Before: PARRO, KUHN, and McDONALD, JJ.
PARRO, J.
The defendant, Eric G. Brister, was charged by bill of information with distribution of cocaine, a Schedule II controlled dangerous substance, in violation of LSA-R.S. 40:967(A)(1). The defendant initially pled not guilty, but later withdrew his plea and entered a plea of guilty as charged. After the state filed a multiple offender bill of information, the defendant was adjudicated a fourth or subsequent habitual offender and was sentenced to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.[1] The trial court denied the defendant's motion to reconsider sentence. The defendant now appeals, assigning error as to the constitutionality of the sentence imposed. For the following reasons, we affirm the conviction, habitual offender adjudication, and sentence.[2]

ASSIGNMENT OF ERROR
In the sole assignment of error, the defendant contends that the trial court erred in imposing an unconstitutionally excessive sentence. The defendant argues that he was sentenced to life imprisonment for being a drug addict. He further argues that he is not the worst offender and that his offense is not the worst type of offense that would warrant a sentence of life imprisonment. The defendant concludes that he has shown he is exceptional. He further concludes that, due to unusual circumstances, he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case, such that a downward departure from the minimum sentence prescribed under the habitual offender law is required.
Article I, Section 20 of the Louisiana Constitution explicitly prohibits excessive punishment. Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice or whether the sentence makes no reasonable contribution to acceptable penal goals and, therefore, is nothing more than the needless imposition of pain and suffering. See State v. Guzman, 99-1528, 99-1753 (La. 5/16/00), 769 So.2d 1158, 1167. The trial court has wide discretion in imposing a sentence within the statutory limits and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Loston, 03-0977 (La. App. 1st Cir. 2/23/04), 874 So.2d 197, 210, writ denied, 04-0792 (La. 9/24/04), 882 So.2d 1167.
Louisiana Code of Criminal Procedure article 894.1 sets forth items that must be considered by the trial court before imposing sentence. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. State v. Leblanc, 04-1032 (La. App. 1st Cir. 12/17/04), 897 So.2d 736, 743, writ denied, 05-0150 (La. 4/29/05), 901 So.2d 1063, cert. denied, 546 U.S. 905, 126 S.Ct. 254, 163 L.Ed.2d 231 (2005); State v. Faul, 03-1423 (La. App. 1st Cir. 2/23/04), 873 So.2d 690, 692. Failure to comply with Article 894.1 does not necessitate the invalidation of a sentence or warrant a remand for resentencing if the record clearly illumines and supports the sentencing choice. See State v. Smith, 430 So.2d 31, 46 (La. 1983).
In State v. Dorthey, 623 So.2d 1276, 1280-81 (La. 1993), the Louisiana Supreme Court recognized that if a trial judge determines that the punishment mandated by the habitual offender law makes no measurable contribution to acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime, he is duty bound to reduce the sentence to one that would not be constitutionally excessive. However, the holding in Dorthey was made only after, and in light of, express recognition by the court that the determination and definition of acts that are punishable as crimes is purely a legislative function. It is the legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies. Moreover, courts are charged with applying these punishments unless they are found to be unconstitutional. Dorthey, 623 So.2d at 1278.
To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
State v. Johnson, 97-1906 (La. 3/4/98), 709 So.2d 672, 676. A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence that justifies rebutting the presumption of constitutionality. Johnson, 709 So.2d at 676.
Among the defendant's prior convictions are an April 12, 2004 conviction for conspiracy to distribute cocaine; three April 1, 1997 convictions for distribution of cocaine; and a November 18, 1987 conviction for possession with intent to distribute cocaine hydrochloride. Since the instant offense, distribution of cocaine, and two of the defendant's prior felonies are felonies defined as violations of the Uniform Controlled Dangerous Substances Law that are punishable by imprisonment for ten years or more, the defendant was subject to a mandatory minimum sentence of life imprisonment. LSA-R.S. 40:967(B)(4)(b); LSA-R.S. 15:529.1(A)(1)(c)(ii).
Several character witnesses testified on behalf of the defendant at the sentencing hearing. Eugene Butler began coaching the defendant in football in the seventh grade at Bogalusa High School. He noted that the defendant was an outstanding player and normal student with no problems. He asked the court for leniency. Reverend James D. Cyrus came to know the defendant when he was a child, as Reverend Cyrus pastored the defendant's father and grandmother. Reverend Cyrus noted that the defendant came from a Christian home, and he also asked for leniency and mercy. He added that he saw potential in the defendant.
Wallace Cummings, the assistant warden in the Sheriff's office, knew the defendant as a trustee. He noted that the defendant had no write-ups or any disciplinary actions when he was a trustee for approximately seven months. Lieutenant Scott Crane of the Washington Parish Drug Task Force stated that the defendant was "hustling crack for crack" and was addicted to crack himself. He was not familiar with any crimes of violence committed by the defendant. Sergeant Kendall Bullock of the Bogalusa Police Department's Drug Task Force went to school with the defendant (kindergarten through twelfth grade) and had known the defendant all of his life. He was aware of the defendant being arrested as a result of his drug addiction. He noted that the defendant was a crack user and a dealer to support his habit. He was not familiar with any crimes of violence committed by defendant.
Trudy Brister, the defendant's mother, testified that the defendant was athletic and outgoing, but that drugs took over his life. She noted that he had been through several rehabilitation programs. She further noted that the defendant had five children. She added that she was raising the defendant's daughter, whose mother is a drug user as well, and that the defendant has played a big part in her life. She asked for leniency because the defendant has a beautiful young daughter who wants to be a part of his life.
The defendant testified that be became a trustee in 2007 and that he would do managerial work. He further noted his increasing drug use and addiction. He apologized and asked for mercy. He noted that he did not make a significant amount of money, but only supported his habit.
The trial court gave due consideration to the character witnesses and the guidelines in imposing sentence. Based on the record before us, we find that the defendant has failed to show that he is exceptional or that the mandatory life imprisonment sentence is not meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case. Thus, we do not find that downward departure from the mandatory sentence of imprisonment for life was required in this case. The trial court did not err in denying the motion to reconsider sentence. This assignment of error is without merit.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.
NOTES
[1] The minutes incorrectly assert that the trial court adjudicated the defendant a third or subsequent felony offender, while the transcript clearly reflects an adjudication as a fourth or subsequent felony offender. Where there is a discrepancy, the transcript prevails over the minute entry. State v. Lynch, 441 So.2d 732, 734 (La. 1983).
[2] As noted, the defendant entered a guilty plea in the instant case. The facts of the offense were not developed.