# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 14-820


**STATE OF LOUISIANA**

**VERSUS**

**ISAAC THOMAS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 95656FB
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

### ELIZABETH A. PICKETT
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**AFFIRMED.**


**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Isaac Thomas**

**Hon. Trent Brignac**
**District Attorney, Thirteenth Judicial District Court**
**J. Gregory Vidrine**
**Assistant District Attorney**
**P. O. Box 780**
**Ville Platte, LA 70586**
**(337) 363-3438**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PICKETT, Judge.**

<u>FACTS</u>

Carl Jack was the manager of Anger No. 2, a convenience store in Evangeline Parish. He and his wife, Karriel Alfred, were working in the store on February 13, 2013, when, at approximately 8:30 p.m., three men came into the store demanding money from the cash register. One of the men wore a white hockey-type mask and had a handgun. He said that the man with the gun took him into the back room and threatened to shoot him in the leg if he did not get on the floor. However, Ms. Alfred could not get the cash register drawer open, so Mr. Jack was returned to the store area to open the register. Mr. Jack testified that Ms. Alfred had panicked and crawled underneath the counter on which the cash register sat. The man with the gun stood behind him and demanded he open the register. When Mr. Jack could not get the register opened either, one of the other two men grabbed the register and fled the store. The armed man fired the gun, missing Ms. Alfred by approximately eighteen inches and Mr. Jack by about six to eight inches.

On May 6, 2013, the defendant, Isaac Thomas, was charged by a bill of information with two counts of attempted first degree murder, violations of La.R.S. 14:27 and 14:30, and one count of armed robbery, a violation of La.R.S. 14:64. On September 9, 2013, the bill of information was amended to add a charge of possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. A jury trial commenced on September 30, 2013. On October 3, 2013, the jury returned a verdict of guilty of armed robbery, attempted manslaughter, violations of La.R.S. 14:27 and 14:31, and possession of a firearm by a convicted felon.[1] The defendant

---

[1] One count of attempted first degree murder of Mrs. Alfred was dismissed during trial.

filed a "Motion to Arrest Judgment." A hearing was held on April 3, 2014, following which the trial court denied the motion.

The defendant was sentenced on May 1, 2014, to forty years on the conviction for armed robbery, to be served without the benefit of parole, probation, or suspension of sentence; ten years on the conviction for possession of a firearm by a convicted felon, to be served without the benefit of parole, probation, or suspension of sentence; and consecutively with the forty-year sentence, and to ten years on the conviction for attempted manslaughter, to be served concurrently with the above sentences, for a total of fifty years imprisonment.

The defendant has perfected a timely appeal, wherein he alleges that the convictions for armed robbery and attempted manslaughter constitute double jeopardy and that there was insufficient evidence to find defendant guilty of attempted manslaughter.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENTS OF ERROR

The defendant asserts two assignments of error:

1. Isaac Thomas' convictions for armed robbery and attempted manslaughter constitute double jeopardy.

2. The trial court erred in finding Isaac Thomas guilty of attempted manslaughter.

## ASSIGNMENT OF ERROR NUMBER TWO

Assignment of error number two alleges that the evidence was insufficient to sustain the conviction for attempted manslaughter. We will address this assignment

first for the reason that should there be merit to his assertion, assignment of error number one would be moot. *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970 (1981); *State v. Hearold,* 603 So.2d 731 (La.1992). The constitutional standard for testing the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979).

The defendant was originally charged with attempted first degree murder. First degree murder, in pertinent part, is defined as "the killing of a human being:"

> (3) When the offender has specific intent to kill or inflict great bodily harm upon more than one person.

La.R.S. 14:30(A)(3).

However, the defendant was convicted of attempted manslaughter. Louisiana Revised Statutes 14:31, in pertinent part, defines manslaughter as:

> (1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection.

Attempt, in pertinent part, is defined as:

> A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

La.R.S. 14:27.

"To support a conviction for attempted manslaughter, the state must prove that the defendant specifically intended to kill the victim and committed an overt act in furtherance of that goal." *State v. Cortez*, 48,319, p. 5 (La.App. 2 Cir.

8/7/13), 122 So.3d 588, 592. In brief, the defendant argues that "[t]he jury incorrectly concluded that the prosecution proved beyond a reasonable doubt that Mr. Thomas had the specific intent to kill Karrell Jack."[2] "Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La.R.S. 14:10(1). "[S]pecific criminal intent need not be proven as fact but may be inferred from the circumstances of the case and actions of the defendant." *State v. Robertson,* 98-883, p. 6 (La.App. 3 Cir. 12/9/98), 723 So.2d 500, 504, *writ denied*, 99-658 (La. 6/25/99), 745 So.2d 1187.

Both Mr. Jack and Ms. Alfred testified that the defendant stood behind the cash register, where they were virtually together, pointed the gun at them, and fired a shot. The surveillance video, while without sound, showed the defendant standing behind the two, holding a gun pointed in their direction. The act of aiming a lethal weapon and discharging it in the direction of a victim supports a finding of specific intent to inflict great bodily harm or to kill. *State v. Seals*, 95-0305 (La. 11/25/96), 684 So.2d 368, *cert. denied*, 520 U.S. 1199, 117 S.Ct. 1558 (1997). Jonathan Antoine, who was one of the robbers, testified at the defendant's trial. He testified that the defendant was the man who wore the white mask. He further stated that he saw the defendant fire the gun.

We find there is no merit to this assignment of error. The evidence was sufficient to establish the defendant's specific intent to kill and an act in furtherance. Accordingly, there was no error when the jury found the defendant guilty of attempted manslaughter.

---

[2]The defendant incorrectly spelled Mr. Jack's first name. The correct spelling is "Carl."

# ASSIGNMENT OF ERROR NUMBER ONE

The defendant argues that the convictions for armed robbery and attempted manslaughter constitute double jeopardy in that the charge of attempted first degree murder of Mrs. Alfred was dismissed by the state during trial. He argues this means there was no intent to kill more than one person, and the state could only rely on armed robbery as the underlying offense to support a conviction for attempted first degree murder, the original charge.

Armed robbery is defined as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." La.R.S. 14:64.

First degree murder, in pertinent parts, is defined as "the killing of a human being:"

> (1) When the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of aggravated kidnapping, second degree kidnapping, aggravated escape, aggravated arson, aggravated rape, forcible rape, aggravated burglary, armed robbery, assault by drive-by shooting, first degree robbery, second degree robbery, simple robbery, terrorism, cruelty to juveniles, or second degree cruelty to juveniles.
>
> . . . .
>
> (3) When the offender has specific intent to kill or inflict great bodily harm upon more than one person.

La.R.S. 14:30.

Double jeopardy stands for the proposition that no person shall twice be put in jeopardy of punishment for the same offense. U.S. Const. amend. V. The clause protects against three distinct double jeopardy situations: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after

5

conviction, and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201 (1989).

In *State v. Bowles*, 13-80, pp. 3-4 (La.App. 3 Cir. 10/9/13), 123 So.3d 350, 354-55, *writ denied,* 13-2655 (La. 4/25/14), 138 So.3d 643, this court noted:

> This court examined double jeopardy in *State v. Cogswell*, 05-510, pp. 3-4 (La.App. 3 Cir. 12/30/05), 918 So.2d 590, 593-94, *writ denied,* 06-314 (La.9/1/06), 936 So.2d 196 (quoting *State v. Vaughn*, 431 So.2d 763 (La.1983)), as follows:
>
>> In *State v. Knowles,* 392 So.2d 651, 654 (La.1980), the Court citing *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), outlined the following criteria for examining violations of double jeopardy:
>>
>>> ". . . The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not . . ."
>>
>> This rule is constitutionally required by the States. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and is embodied in La.C.Cr.P. 596:
>>
>>> "Double jeopardy exists in a second trial only when the charge in that trial is: (1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or (2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."
>>
>> Louisiana uses both the "*Blockburger* test" and the "same evidence test". *State v. Steele,* 387 So.2d 1175 (La.1980); *State v. Doughty*, 379 So.2d 1088 (La.1980); *State v. Didier,* 262 La. 364, 263 So.2d 322 (1972) and *State v. Hayes*, 412 So.2d 1323 (La.1982). When a

defendant is charged with separate statutory crimes they need not be identical in elements or in actual proof to be the same within the meaning of the constitutional prohibition. *State v. Hayes*, 412 So.2d at 1325.

The Louisiana Supreme Court explains the "same evidence" test in *State v. Steele*, 387 So.2d 1175 (La.1980) as follows:

> "If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial . . . The 'same evidence' test is somewhat broader in concept than *Blockburger* the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct." *Id*. at 1177.

The defendant points to this court's opinion in *State v. Bradford*, 514 So.2d 534 (La. App. 3 Cir. 1987), *writ denied*, 523 So.2d 226 (La.1988), *cert. denied,* 488 U.S. 835, 109 S.Ct. 97 (1988), to support his contention that he was subjected to double jeopardy. Bradford, with several companions, severely beat the victim in an attempt to rob him and threatened to shoot him if he did not come up with the money. The robbers were eventually unsuccessful in the attempt. Bradford was charged with attempted first degree murder and attempted armed robbery but convicted of attempted manslaughter and attempted armed robbery. In an application for post-conviction relief, Bradford alleged he was subjected to double jeopardy. The court stated:

> In the present case the defendant was convicted of the responsive crime of attempted manslaughter on a charge of attempted first degree murder. At the same time he was convicted of attempted armed robbery, the underlying felony. Since defendant was in

jeopardy of the offense of attempted first degree murder, this constitutes double jeopardy.

In the current case, as noted above, first degree murder is also defined as a murder that is committed during several enumerated offenses, including armed robbery. La.R.S. 14:64(A)(1). Although the defendant clearly states in brief that the state's position and argument at trial was that the taking of the victims' cash register at the point of a gun constituted the armed robbery offense, and the intent to kill two people constituted the attempted first degree murder, he argues that "[a]s the charge against the attempted murder of Mrs. Alfred was dismissed, the state could have only proceeded under the La.R.S. 14:30(A)(1), the armed robbery." The defendant argues that the defendant "shot at Mr. Jack and missed, but not at Mrs. Alfred. There could be no attempted murder of more than one person." However, as noted in *State v. Tyler,* 342 So.2d 574, 582 (La.1977), *cert. denied*, 431 U.S. 917, 97 S.Ct. 2180 (1977), "[T]here is authority in law for the proposition that shooting into a crowd indiscriminately with intent to kill someone is an assault with intent to kill each of them."

Testimony and review of the surveillance video shows that Mrs. Alfred ducked under the counter on which the register sat. She can be seen through the glass front of the counter. Standing directly above her was her husband, attempting to open the cash register. After one of the men grabbed the register off the counter, the defendant, who was standing close behind the couple, fired his gun. It cannot be seen in the video exactly who the gun was pointed at, but the victims were positioned right by each other, and the gun was pointed in their direction.

The defendant further argues that the trial court initially instructed the jury that murder required a specific enumerated offense, listing the offenses, including

armed robbery, to be classified as a first degree murder, but never instructed the jury that first degree murder can occur when the offender has the specific intent to kill or inflict great bodily harm on more than one person. However, the trial court did include the latter instruction in its jury instructions given prior to the jury retiring to deliberate.

There is no requirement that the defendant be charged with more than one count of attempted first degree murder as a prerequisite for the state to argue that the defendant attempted to commit the offense of attempted first degree murder because there was an intent to kill more than one person. *See State v. Pete*, 13-1107 (La.App. 3 Cir. 3/5/14), 134 So.3d 196, *writ denied*, 14-705 (La. 11/7/14), 152 So.3d 173, and *State v. Bridgewater*, 98-658 (La.App. 5 Cir. 12/16/98), 726 So.2d 987. The armed robbery was not the underlying offense to the attempted first degree murder in this case, the intent to kill more than one person was the underlying factor.

Even though the jury reduced the offense of attempted first degree murder to attempted manslaughter, the attempted first degree murder or attempted manslaughter offenses occurred when the defendant fired purposefully in the direction of the two victims crowded closely together. His actions exhibited the intent to kill one or more than one person. Armed robbery required the taking of something of value from another by the use of force while armed with a dangerous weapon, and the cash register was taken at gun point. The actions of the defendant constituted a violation of two distinct statutory provisions.

## <u>CONCLUSION</u>

The defendant's convictions are affirmed.

**AFFIRMED.**