# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-399

**STATE OF LOUISIANA**

**VERSUS**

**RAYMOND DANIEL LOWREY**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 89820
HONORABLE SCOTT WESTERCHIL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, John E. Conery, and D. Kent Savoie, Judges.

**REVERSED AND VACATED.**

**Asa Allen Skinner**
**District Attorney**
**Thirtieth Judicial District**
**Terry W. Lambright**
**First Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA 71446**
**(337) 239-2008**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P.O.Box 2125**
**Lafayette, LA 70502**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Raymond Daniel Lowrey**

**SAUNDERS, JUDGE.**

Defendant, Raymond Daniel Lowrey, was charged by bill of information filed on August 9, 2016, with failure to comply with the conditions of supervised release, a violation of La.R.S. 15:561.7.   On December 9, 2016, Defendant pled guilty to the offense, and was sentenced on February 14, 2017, to serve four years at hard labor.  The sentence was to be served without benefit of probation, parole, or suspension of sentence and concurrently to any other sentence Defendant was subject to receiving.   A motion to reconsider sentence was filed on March 2, 2017, and was denied.   A motion for appeal and designation of record was filed on March 7, 2017.  The motion was granted the following day.

Defendant is now before this court asserting two claims:  1) his conviction for failure to comply with supervised release conditions constituted double jeopardy, and 2) his sentence is excessive.

**FACTS:**

Defendant is a convicted sex offender, as he previously pled guilty in Vernon Parish to two counts of indecent behavior with juveniles.  The victims of the offenses were under the age of thirteen.  Therefore, Defendant was placed on supervised release with various conditions at the time he was discharged from prison.   Defendant later failed to comply with the conditions of his supervised release when he committed a criminal act in Calcasieu Parish.

**ASSIGNMENT OF ERROR NO. 1[1]:**

Defendant contends his conviction for failure to comply with supervised release conditions constitutes double jeopardy in this case because he had already pled guilty to the same act that resulted in his conviction for violating a different statute in another case.  We find merit to this contention.

---

[1] We have changed Defendant's "Assigned Error Patent" to "Assignment of Error No. 1."

The State argues a double jeopardy claim is not an error patent, and because Defendant improperly labeled the claim an error patent and not an assignment of error, the claim should not be addressed. The State cites *State v. Arnold*, 01-1399 (La. 4/12/02), 816 So.2d 289, in support of its claim.

In *State v. Sanders*, 93-01, p. 14 (La. 11/30/94), 648 So.2d 1272, 1284, *cert. denied*, 517 U.S. 1246, 116 S.Ct. 2504 (1996), the supreme court stated: "the title of a pleading does not matter, but rather 'courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice . . . ' *Smith v. Cajun Insulation*, 392 So.2d 398 (La.1980)." In *Lomont v. Myer-Bennett*, 16-436, p. 5 (La.App. 5 Cir. 12/14/16), 210 So.3d 435, 441, *writ denied*, 17-88 (La. 2/24/17), 216 So.3d 59, the fifth circuit stated:

> [I]n situations where a mistitled pleading clearly identifies the issue being raised, and adequately sets out the mover's arguments on that issue and the relief requested, such that notice and due process requirements are sufficiently satisfied, this Court, in the interest of justice, will routinely look beyond the title of the pleading and address the merits of the issue raised.

Based on these cases, we look beyond Defendant's classification of the error as an error patent to address Defendant's claim.

> Double jeopardy stands for the proposition that no person shall twice be put in jeopardy of punishment for the same offense. U.S. Const. amend. V. The clause protects against three distinct double jeopardy situations: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

*State v. Thomas*, 14-820, pp. 5-6 (La.App. 3 Cir. 3/4/15), 159 So.3d 1115, 1119, *writ denied*, 15-729 (La. 3/14/16), 189 So.3d 1064.

> This court has employed the "same evidence" test. *State v. Solomon*, 379 So.2d 1078 (La.1980); *State v. Smith*, 323 So.2d 797 (La.1975); *State v. Didier*, 262 La. 364, 263 So.2d 322 (1972); *State v.*

*Bonfanti*, 262 La. 153, 262 So.2d 504 (1972); *State v. Knowles*, 392 So.2d 651, 654 (La.1980).

> The "same evidence "test is used to determine whether double jeopardy has occurred.

> The "same evidence" test depends upon the proof required to convict, not the evidence actually introduced at trial. *State v. Doughty*, supra. Thus, if the evidence necessary to support the second indictment would have been sufficient to support the former indictment, double jeopardy prohibits the second prosecution. *State v. Richardson*, 220 La. 338, 56 So.2d 568 (1951); *State v. Foster*, 156 La. 891, 101 So. 255 (1924); *State v. Roberts*, 152 La. 283, 93 So. 95 (1922).

*State v. Knowles*, 392 So.2d 651.

This court must look to the charging documents, plea colloquy, and the applicable statutes to analyze Defendant's claim. The bill of information charging Defendant with a violation of La.R.S. 15:561.7 states: "on or about November 9, 2015, defendant did fail to comply with the conditions of supervised release . . . ." At the time Defendant entered his plea, the following factual basis was provided:

> [B]ack on November the 9th, 2015, this defendant did fail to comply with the conditions of supervised release. State would show that back on September the 2nd, 2009, this defendant pled guilty to two counts of indecent behavior with a juvenile where the victim in the case - - one was eight and the other count, the victim was nine. On August the 26th, 2011, this defendant signed conditions of his supervised release. He was to remain on supervised release for life and this defendant is aware of that. One of his conditions stated that he would live and remain at liberty and refrain from engaging in any type of criminal activity. State would be prepared to show that on November the 9th of 2015, that in the Fourteenth Judicial District down in Lake Charles, Louisiana this defendant pled guilty to failure to carry sex offender identification card in violation of R.S. 14:1321J [sic], which is a violation of condition number eleven of the supervised release form to which he signed. The State would assert that this all occurred in Vernon Parish, State of Louisiana, and asks that all of the answers to discovery be made a part of my factual recitation.

The offense of failure to comply with the conditions of supervised release is governed by several statutes. In *State v. Trosclair*, 11-2302, pp. 6-10 (La. 5/8/12),

89 So.3d 340, 344-47 (footnotes omitted), the supreme court discussed those statutes as follows:

> [W]e begin our discussion with an overview of the regulatory scheme of supervision and the statutory provisions governing this scheme. La.Rev.Stat. §§ 15:561 through 15:561.7, added by Acts 2006, No. 242, § 1, effective August 15, 2006, provide for supervised release of certain sex offenders who committed their crimes upon children under thirteen years of age. In Section 561, the Legislature sets forth its findings associated with the enactment of the supervised release laws:
>
> Under Section 561.1, the supervised release provisions apply to any person convicted, on or after the effective date of the act, of a sex offense as defined in La.Rev.Stat. § 15:541, when the victim is under thirteen years of age. According to Section 561.3, supervised release is administered by the Department of Public Safety and Corrections, division of probation and parole, and supervised release officers have the powers and duties of parole officers. Section 561.4 directs the trial court at sentencing as well as the Department of Public Safety and Corrections to inform the offender he will be placed on supervised release and of the conditions of supervision.
>
> Section 561.6 directs the Department of Public Safety and Corrections to adopt rules necessary to implement these provisions, and Section 561.7 provides the penalties for failing to comply with the conditions of supervised release, which include fines up to three thousand dollars and imprisonment with hard labor from two to twenty years "without benefit."
>
> [Of particular relevance herein, Section 561.2 governs the commencement and duration of supervision]
>
> In its present form, La.Rev.Stat. § 15:561.2 now provides:
>
>> B. Any person placed on supervised release pursuant to the provisions of this Section shall be on supervised release for life from the date of release from incarceration. Notwithstanding any other provision of law to the contrary, any person who was placed upon supervised release pursuant to the provisions of this Section, may petition the sentencing court for a termination of the supervision.

For double jeopardy purposes, the second offense at issue herein is failure to comply with the conditions of supervised release, by failing to carry a sex offender identification card, which is a violation of the conditions of supervised release.

4

Louisiana Revised Statutes 40:1321(J) provides for the issuance of special identification cards to sex offenders as follows:

(1) Any person required to register as a sex offender with the Louisiana Bureau of Criminal Identification and Information, as required by R.S. 15:542 et seq., shall obtain a special identification card issued by the Department of Public Safety and Corrections which shall contain a restriction code declaring that the holder is a sex offender. This special identification card shall include the words "sex offender" in all capital letters which are orange in color and shall be valid for a period of one year from the date of issuance. This special identification card shall be carried on the person at all times by the individual required to register as a sex offender.

(2) Each person required to carry a special identification card pursuant to this Subsection shall personally appear, annually, at a field office of the office of motor vehicles to renew his or her special identification card but only after he or she has registered as an offender pursuant to R.S. 15:542 et seq. Reregistration shall include the submission of current information to the department and the verification of this information, which shall include the street address and telephone number of the registrant; the name, street address and telephone number of the registrant's employer, and any registration information that may need to be verified by the bureau. No special identification card shall be issued or renewed until the office of motor vehicles receives confirmation from the bureau, electronically or by other means, that the reregistration of the sex offender has been completed.

(3) The provisions of this Subsection shall apply to all sex offenders required to register pursuant to R.S. 15:542 et seq., regardless of the date of conviction.

(4) Whoever violates this Subsection shall be fined not less than one hundred dollars and not more than five hundred dollars, or imprisoned for not more than six months, or both.

Louisiana Revised Statutes 15:542 states, in pertinent part:

A. The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter:

(1) Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit either of the following:

(a) A sex offense as defined in R.S. 15:541, with the exception of those convicted of felony carnal knowledge of a juvenile as provided in Subsection F of this Section.

The bill of information indicates the violation of La.R.S. 15:561.7 occurred on about November 9, 2015, which was the date Defendant pled guilty to failing to carry his sex offender card in Calcasieu Parish. The failure to carry his sex offender card in Calcasieu Parish was a violation of the conditions of supervised release in Vernon Parish. Thus, Defendant's Calcasieu Parish plea was used as the factual basis for his plea in Vernon Parish. Defendant argues that his conviction for failing to comply with the provisions of supervised release in Vernon Parish constitutes double jeopardy since the same act had already been punished through his conviction for failing to carry his sex offender identification card in Calcasieu Parish. Consequently, Defendant argues the trial court did not have the power to enter the conviction at issue herein.

We review Defendant's claim under the "same evidence" test. Under the same "same evidence" test, Defendant argues he was twice placed in jeopardy for failing to carry his identification card for sex offenders on one particular occasion in Calcasieu Parish. He alleges his failure to carry the card was necessary to convict him under both statutes.

We find that the single act Defendant committed, failing to carry his sex offender identification card in Calcasieu Parish, was the determinative factor in a successful prosecution of failure to carry a sex offender identification card and failure to comply with the conditions of supervised release in Vernon Parish. In other words, without the failure to carry his sex offender identification card, both charges would have failed. Accordingly, after considering *State v. McMooain*, 95-2103 (La.App. 1 Cir. 9/27/96), 680 So.2d 1370, *State v. Knowles*, 392 So.2d 651, 654 (La.1980), and *State ex rel. Bradley v State*, 08-346 (La. 12/13/09), 1 So.3d

459, we find that the prosecution of Defendant for failure to comply with the conditions of supervised release in Vernon Parish constituted double jeopardy.

In *McCooain*, 680 So.3d at 1375, the first circuit discussed the remedy for a double jeopardy violation:

> The procedure for remedying a violation of double jeopardy is to vacate the conviction and sentence of the less severely punishable offense, and affirm the conviction and sentence of the more severely punishable. *State ex rel. Adams v. Butler*, 558 So.2d 552, 553-554 (La.1990).

This court also notes that in *Bradley*, 1 So.3d 459, the supreme court set aside the defendant's conviction for armed robbery and ordered his discharge from custody because he had already been convicted of a misdemeanor arising from the same act.

The Defendant's conviction for failure to comply with the conditions of supervised release constitutes double jeopardy. Thus, his conviction and sentence should be vacated.

## ASSIGNMENT OF ERROR NO. 2:

Defendant asserts that the four-year sentence in this case is excessive. Our finding in Assignment of Error #1 pretermits this Assignment.

## CONCLUSION:

For the foregoing reasons, we vacate the trial court's February 14, 2017, judgment sentencing Defendant to serve four years at hard labor for failure to comply with the conditions of supervised release. Defendant's sentence is hereby vacated as his conviction constitutes double jeopardy.

## REVERSED AND VACATED.

7