STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 1161

STATE OF LOUISIANA

VERSUS

JONATHAN S. RICHARDSON

Judgment Rendered: ___**MAY 1 1 2020**___

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of Washington
State of Louisiana
Trial Court No. 18-CR10-138328

The Honorable William H. Burris, Judge Presiding

* * * * *

| | |
|---|---|
| Lieu T. Vo Clark<br>Mandeville, Louisiana | Attorney for Defendant/Appellant,<br>Jonathan S. Richardson |
| Warren L. Montgomery<br>District Attorney<br>J. Bryant Clark<br>Assistant District Attorney<br>Covington, Louisiana | Attorneys for Appellee,<br>State of Louisiana |

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**PENZATO, J.**

The defendant, Jonathan S. Richardson, was charged by felony bill of information with failure to comply with provisions of supervised release, in violation of La. R.S. 15:561.7(A). *See also* La. R.S.15:561.2 and La. R.S. 15:561.5. He pled not guilty. After a trial by jury, the defendant was found guilty as charged. The trial court denied the defendant's amended motion for post-verdict judgment of acquittal and amended motion for new trial but granted the defendant's motion to quash the habitual offender bill of information filed by the State pursuant to La. R.S. 15:529.1. The defendant was sentenced to four years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The defendant now appeals, assigning error to the sufficiency of the evidence to support the verdict and to the trial court's denial of his amended motion for post-verdict judgment of acquittal. For the following reasons, we reverse the conviction and vacate the sentence.

## STATEMENT OF FACTS

On March 31, 2018, Agent Kevin Kulivan, a sex offender specialist of the Department of Public Safety and Corrections assigned to monitor the defendant upon his release from prison, conducted a field visit at the defendant's residence. At trial, Agent Kulivan testified that due to the defendant's prior sex offenses, thirty counts of distribution of child pornography, his target for the field visit was a computer-related search in order to prevent any further offenses. Upon his arrival, Agent Kulivan asked to see the defendant's computer, and the defendant complied. Agent Kulivan noted that the computer, a laptop, had plug-in devices and flash drives attached. As Agent Kulivan perused the photographs on the computer, he noticed an article, saved on one of the attached flash drives, entitled, "Why do girls become so f-----g horrible when they grow up?". The article featured side-by-side images of an adult female and a juvenile girl with an annotation, in part, describing

2

little girls as having "innocent, virginal, angelic looks," while describing adult girls as "overly sexual, bodies look like pornstars."

The article prompted Agent Kulivan to continue searching the computer. Agent Kulivan attempted to access the internet search history to see when and from where the article was obtained, but the history list was blank. The defendant informed Agent Kulivan that the private browsing feature was enabled and prevented the web browser from saving any history. Thus, Agent Kulivan was unable to view any search or content history for the computer or its attachments. Agent Kulivan reported his findings to his supervisor, and the defendant was arrested for the instant offense on April 2, 2018.

## SUFFICIENCY OF THE EVIDENCE

In a combined argument in support of both assignments of error, the defendant contends that the State failed to prove beyond a reasonable doubt that he had been convicted of a qualifying predicate felony that would subject him to the conditions of supervised release. The defendant contends that the State offered only the "equivocating" testimony of Agent Kulivan without any documentary proof of a predicate. The defendant notes that Agent Kulivan initially testified that the defendant was subject to monitoring pursuant to supervised release because he had a prior sex offense in which the victim was under thirteen. However, when asked specifically the crime for which defendant was convicted, he responded "[t]hirty counts of distribution of child pornography." The defendant notes that the State failed to offer a bill of information and certified minutes to prove that he was legally required to be subjected to supervised release pursuant to La. R.S. 15:561 *et seq.* The defendant further contends that his pre-sentence investigation report shows that he is factually innocent of the instant offense, claiming that his sole felony conviction listed therein was not for a sex offense involving a victim under

3

the age of thirteen.[1] Thus, the defendant argues that the trial court should have granted his amended motion for post-verdict judgment of acquittal and that his conviction should be reversed.

The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). *See also* La. Code Crim. P. art. 821(B); *State v. Ordodi*, 2006-0207 (La. 11/29/06), 946 So.2d 654, 660; *State v. Jackson*, 2018-0261 (La. App. 1st Cir. 11/2/18), 265 So.3d 928, 933, *writ denied*, 2018-1969 (La. 4/22/19), 268 So.3d 304. The *Jackson* standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. *State v. Cole*, 2019-0033 (La. App. 1st Cir. 9/27/19), 288 So.3d 146, 156.

Circumstantial evidence consists of the proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. *State v. Duncan*, 2002-0509 (La. App. 1st Cir. 9/27/02), 835 So.2d 623, 630, *writ denied*, 2003-0600 (La. 3/12/04), 869 So.2d 812. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the fact finder must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence. *See State v. Patorno*, 2001-2585 (La. App. 1st Cir. 6/21/02), 822 So.2d 141, 144. When a case involves circumstantial evidence and the trier of fact reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt. *State v. Dyson*, 2016-1571 (La. App.

---

[1] This document was prepared subsequent to the trial and filed in the record following sentencing. Despite defendant's contention, it is not evidence and, therefore, ultimately not considered by this court.

4

1st Cir. 6/2/17), 222 So.3d 220, 228, *writ denied*, 2017-1399 (La. 6/15/18), 257 So.3d 685. Unless there is internal contradiction or irreconcilable conflict with the physical evidence, the testimony of a single witness, if believed by the fact finder, is sufficient to support a factual conclusion. *State v. Marshall*, 2004-3139 (La. 11/29/06), 943 So.2d 362, 369, *cert. denied*, 552 U.S. 905, 128 S.Ct. 239, 169 L.Ed.2d 179 (2007).

Here, the defendant was convicted of violating La. R.S. 15:561.7(A), by failing to comply with the conditions of supervised release. The offense of failure to comply with the conditions of supervised release is governed by several statutes. *State v. Lowrey*, 2017-399 (La. App. 3rd Cir. 10/4/17), 228 So.3d 779, 782. In *State v. Trosclair*, 2011-2302 (La. 5/8/12), 89 So.3d 340, 344, the Louisiana Supreme Court observed that La. R.S. 15:561 through 15:561.7, added by La. Acts 2006, No. 242, § 1, effective August 15, 2006, provides for supervised release of certain sex offenders who committed their crimes upon children under thirteen years of age. The court noted that in La. R.S. 15:561, the Legislature set forth numerous findings associated with the enactment of the supervised release laws with regard to sex offenders. *Trosclair*, 89 So.3d at 344-45. Louisiana Revised Statute 15:561.1 specifically provides that the supervised release provisions pertain "to any person convicted, on or after [the effective date of the act], of a sex offense as defined in [La.] R.S. 15:541 when the victim is under the age of thirteen years."

Supervised release is administered by the Department of Public Safety and Corrections, division of probation and parole, and supervised release officers have the powers and duties of parole officers. La. R.S. 15:561.3. Louisiana Revised Statute 15:561.4 "directs the trial court at sentencing as well as the Department of Public Safety and Corrections to inform the offender he will be placed on supervised release and of the conditions of supervision." *Trosclair*, 89 So.3d at 345. Louisiana Revised Statute 15:561.5 sets forth numerous conditions of

5

supervised release. The Department of Public Safety and Corrections is required to adopt rules necessary to implement the provisions of supervised release. La. R.S. 15:561.6. Louisiana Revised Statute 15:561.7 provides the penalties for failing to comply with the conditions of supervised release as follows:

> A. A person who fails to comply with the conditions of supervised release as provided for in [La.] R.S. 15:561.5 shall, upon first conviction, be fined not more than one thousand dollars and imprisoned with hard labor for not less than two years nor more than ten years without benefit of parole, probation, or suspension of sentence.
>
> B. Upon second or subsequent convictions, whoever fails to comply with the conditions of supervised release as provided for in [La.] R.S. 15:561.5 shall be fined three thousand dollars and imprisoned with hard labor for not less than five years nor more than twenty years without benefit of parole, probation, or suspension of sentence.

As noted by both *Trosclair*, 89 So.3d at 346 and *Lowery*, 228 So.3d at 782, La. R.S. 15:561.2 governs the commencement and duration of supervision. Pursuant to La. R.S. 15:561.2(A),

> [a] person convicted on or after August 15, 2006, of a sex offense as defined in [La.] R.S. 15:541 when the victim is under the age of thirteen years shall be placed upon supervised release **as provided for by this Chapter** whenever he is released from the custody of the Department of Public Safety and Corrections upon the expiration of his sentence. (Emphasis added).

Under subsection B of La. R.S. 15:561.2, any person placed on supervised release pursuant to the provisions of the section shall be on supervised release for life from the date of release from incarceration. Pertinent to the instant case, pornography involving juveniles, a violation of La. R.S. 14:81.1, is an enumerated sex offense pursuant to La. R.S. 15:541(24)(a). Accordingly, the conditions of supervised release enumerated in La. R.S. 15:561.5 are applicable to any person convicted of pornography involving juveniles on or after August 15, 2006, to the extent the offense involved a victim under the age of thirteen. *See also* La. R.S. 15:561.1.

Based upon this statutory scheme, in order to prove the defendant guilty of violating La. R.S. 15:561.7, the State was required to show: (1) the defendant was

6

previously convicted of a "sex offense" as defined in La. R.S. 15:541; (2) the conviction occurred on or after August 15, 2006; (3) the victim was under the age of thirteen years; and (4) the defendant failed to comply with one of the conditions of supervised release enumerated in La. R.S. 15:561.5.[2] Thus, proof beyond a reasonable doubt that the defendant has a qualifying prior conviction is a necessary element for conviction under La. R.S. 15:561.7. Herein, the defendant does not contest the evidence to prove that he failed to comply with at least one of the conditions of supervised release.[3] He only argues that the State failed to prove that he was subject to the conditions of supervised release based on a qualifying predicate conviction.[4]

It is well settled that to establish the defendant as the same person convicted of a prior felony, the State need not use a specific type of evidence, and prior convictions may be proven by any competent evidence. Proof of identity can be established in various ways, including the State presenting: (1) the testimony of witnesses to prior crimes, (2) expert testimony matching the fingerprints of the accused with those in the record of the prior proceeding, (3) photographs contained in a duly authenticated record, or (4) evidence of identical driver's license number,

---

[2] A determination of the elements for this particular offense appears to be a matter of first impression. Guidance is provided in examining the elements of the offense of failure to register and notify as a sex offender or child predator: (1) a guilty plea or conviction of a sex offense in violation of La. R.S. 15:542; (2) the defendant resided in Louisiana for the period during which he was required to register; and (3) the defendant failed to register within the requisite time allotted for registration. La. R.S. 15:542.1.4; *State v. Lomas*, 2014-1300 (La. App. 1st Cir. 3/9/15), 2015 WL 1019529, at *2.

[3] Pursuant to La. R.S. 15:561.5(16), a person placed on supervised release shall submit himself or herself to continued supervision, either in person or through remote monitoring, of all of the following Internet related activities: (1) the person's incoming and outgoing electronic mail and other Internet-based communication; (2) the person's history of websites visited and the content accessed; and (3) the periodic unannounced inspection of contents of the person's computer or any other computerized device or portable media device and the removal of such information, computer, computer device or portable media device to conduct a more thorough inspection. This condition was identified at trial as the condition with which the defendant failed to comply.

[4] The State in brief does not contest its requirement to prove that the defendant was subject to the requirements of La. R.S. 15:561, *et seq.*, specifically that the defendant's prior conviction was for a sex offense when the victim was under the age of thirteen. Rather counsel avers that the testimony of Agent Kulivan was sufficient to satisfy same.

sex, race, and date of birth. *State v. York*, 2013-1529 (La. App. 1st Cir. 3/24/14), 2014 WL 1203207, at *3, *writ denied*, 2014-1047 (La. 4/17/15), 168 So.3d 392.

In the instant case, Agent Kulivan, the sole witness at trial, testified that the defendant was released from the custody of the Department of Public Safety and Corrections on March 14, 2018, after being imprisoned for five years. On February 23, 2018, less than one month before his release, the defendant signed the bottom of a two-page form entitled: "Completion of Hard Labor Sentence and Notification of Supervised Release" and "Statement of General Conditions of Supervised Released." The form includes the following pertinent language: "**Be it Also Known**, that upon release from the custody of the Department of Public Safety and Corrections, said offender has agreed to observe and perform each and all conditions and directives shown below and on the back of this certificate." On March 16, 2018, two days after his release, the defendant came to Agent Kulivan's office, at which point the listed conditions of release were read and explained to the defendant, and the defendant re-signed the form.

Regarding the defendant's supervised release, Agent Kulivan testified, "So [the defendant] had a prior sex offense, which the victim was under the age of 13." He further stated, "So when he completes his sentence, the State of Louisiana has zero tolerance. And he is on supervision for the rest of his life under conditions of supervised release." When asked specifically what crime or crimes the defendant was convicted of that resulted in him being on supervised release, Agent Kulivan specified, "[t]hirty counts of distribution of child pornography." The remainder of Agent Kulivan's testimony and the other exhibits admitted into evidence pertained to the residence check performed on March 31, 2018.

At the outset, we note that the State offered *de minimis* evidence of the defendant's prior conviction. Specifically, to prove the qualifying predicate, the State relied solely on the testimony of Agent Kulivan and the defendant's signed

8

statement of general conditions of supervised release. Agent Kulivan testified that the defendant had been convicted of "[t]hirty counts of distribution of child pornography" and that the "victim was under the age of 13." He identified the defendant as the individual who he supervised in his position as a sex offender specialist with the State of Louisiana, Department of Public Safety and Corrections. The two-page form admitted into evidence containing the acknowledgment of the conditions of supervised release does not identify the offense(s) for which the defendant was convicted or provide any other information regarding the defendant's conviction(s) other than a docket number, "WSH 18053."

There was no additional documentary evidence or testimony offered to establish the existence and nature of the conviction or the identity of the defendant as the person who was previously convicted. The other exhibits introduced at trial do not pertain to the alleged prior sex offenses, but instead consist of evidence to show that the defendant failed to comply with an enumerated condition of supervised release, an element that is not contested on appeal.

The State argues that the testimony of Agent Kulivan was sufficient to establish that the defendant was previously convicted of a sex offense involving a victim under the age of thirteen. The State, however, fails to recognize its burden to prove the identity of the defendant as the same individual who committed the predicate offense. Alternatively, the State apparently seeks to have the agent's testimony satisfy that factor as well. The testimony of probation/parole officers has been accepted to establish the identity of defendants under their supervision. However, courts have found such testimony sufficient to establish the defendant's identity as the same person who committed the predicate offense when coupled with documentary evidence of the conviction.

For example, in *State v. Dahlem*, 2013-0577 (La. App. 1st Cir. 6/18/14), 148 So.3d 591, 598, *aff'd*, 2014-1555 (La. 3/15/16), 197 So.3d 676, the defendant challenged the sufficiency of the evidence proving his identity with respect to DWI predicate #1. In order to prove the defendant's identity for DWI predicate #1, the trial court relied on the probation officer who supervised the defendant during his probation for DWI predicate #3 and was aware of DWI predicate #1 during that supervision. The State also introduced a certified copy of the bill of information identifying the name, race, date of birth, driver's license number, and address of the defendant as well as the guilty plea for DWI predicate #1.

In *State v. Wallace*, 2000-1745 (La. App. 5th Cir. 5/16/01), 788 So.2d 578, 585, *writ denied*, 2001-1849 (La. 5/24/02), 816 So.2d 297, the court noted that courts have recognized various methods of proof to establish identity, including testimony of witnesses, expert opinion as to the fingerprint comparisons, or photographs in the record. In *Wallace*, the State introduced documentary evidence and the testimony of the defendant's parole officer to establish identity of the defendant. The documentary evidence consisted of the entire record of a prior conviction, containing his conviction and sworn admission that he had been convicted of three other offenses and pleaded guilty to one offense. Those offenses were shown with documents consisting of certified copies of bills of information, arrest registers, fingerprint sheets, waiver of rights forms, and commitments. Furthermore, the parole officer identified the defendant as the individual he had supervised for three of the prior offenses.

In *State v. Lawrence*, 40,278 (La. App. 2nd Cir. 3/15/06), 925 So.2d 727, 755, a probation officer testified at trial that she had supervised the defendant for an attempted manslaughter conviction, and she positively identified the defendant in court as the person she supervised. The court found that the testimony of the probation officer, along with the certified copies of the bill of information,

minutes, and transcript of the guilty plea, was competent proof of the defendant's identity as the person who entered the plea of guilty to the charge of attempted manslaughter. In the instant case, the documentary evidence submitted by the State failed to set forth the predicate offense and, therefore, failed to serve as adequate proof of the underlying felony.

Further, while the defense attorney conceded in opening remarks that the defendant was convicted of thirty counts of pornography, without any mention of the date or the age of the victim(s), an attorney's remarks are not evidence. *See State v. Broussard*, 1999-1054 (La. App. 4th Cir. 5/22/02), 819 So.2d 1141, 1146, *overruled on other grounds, State v. Maxwell*, 2011-0564 (La. App. 4th Cir. 12/21/11), 83 So.3d 113, *writ denied*, 2012-0226 (La. 9/21/12), 98 So.3d 323; *see also State v. Bindom*, 410 So.2d 749, 753 (La. 1982) (holding that comments made by counsel in opening statements are not evidence nor do they amount to a judicial admission or stipulation). Additionally, there was no stipulation in this case regarding the defendant's prior conviction(s). We further note that the defendant's failure to contest an element at trial does not constitute evidence of that element. *See Broussard*, 819 So.2d at 1146. The State was required to prove beyond a reasonable doubt and by competent evidence that the defendant was subject to the conditions of supervised release due to a conviction of at least one prior qualifying sex offense. Based on the record before us, we cannot say that the evidence supports such a finding by a rational trier of fact.

Additionally, the record reflects that the State offered no proof whatsoever of another essential element of the offense charged. Specifically, the record is devoid of any direct evidence to show that the defendant's conviction occurred *on or after August 15, 2006*. Agent Kulivan testified that the defendant served five years imprisonment and was released on March 14, 2018. However, there was no evidence or testimony presented regarding the amount of time that lapsed, or any

appeals that may have occurred, between the unspecified date of the defendant's conviction and the date that he began serving his sentence. As such, we find the evidence of the term of the defendant's sentence and his release date alone are not sufficient to infer the date of his conviction. *See Duncan*, 835 So.2d at 630. As the State's case was devoid of an essential element of the charged offense, the conviction must be set aside. *See State v. Williams*, 2013-1226 (La. 12/2/13), 131 So.3d 33, 34 (per curiam) (setting aside defendant's conviction and sentence when State's case was devoid of evidence of an essential element of the charged offense); *see also State v. Robinson*, 52,315 (La. App. 2nd Cir. 11/14/18), 260 So.3d 717, 722 (reversing defendant's conviction for attempted possession of a firearm by a convicted felon when State failed to prove the essential element that the ten-year cleansing period had not elapsed between defendant's conviction and eventual parole revocation).

A conviction based on insufficient evidence cannot stand as it violates Due Process. *See* U.S. Const. amend. XIV; La. Const. art. I, § 2. A court of appeal impinges on a fact finder's discretion only to the extent necessary to guarantee the fundamental protection of due process of law. *Ordodi*, 946 So.2d at 660. Based on the record before us, the State failed to establish that the defendant was convicted of an enumerated sex offense on or after August 15, 2006, when the victim was under the age of thirteen years. We find, therefore, that the State failed to produce sufficient competent evidence of the predicate offense as required by law subjecting the defendant to the conditions of supervised release pursuant to La. R.S. 15:561.1. Considering the foregoing, we find merit in the assignments of error. Accordingly, we are constitutionally constrained to reverse the defendant's conviction for failure to comply with provisions of supervised release and vacate the sentence imposed.

**CONVICTION REVERSED AND SENTENCE VACATED.**